# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| REBECCA FRISKE, individually and on behalf of all others similarly situated, | Case No. 16-cv-12799-DML-EAS |
| Plaintiff, | District Judge David M. Lawson |
| | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| | **PLAINTIFF'S RESPONSE IN** |
| BONNIER CORPORATION, a Delaware corporation, | **OPPOSITION TO** |
| | **DEFENDANT'S CORRECTED** |
| | **MOTION TO DISMISS** |
| Defendant. | **AMENDED COMPLAINT, OR,** |
| | **ALTERNATIVELY, TO STAY** |
| | **PROCEEDINGS** |

Gary F. Lynch
CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
glynch@carlsonlynch.com

Daniel Myers
THE LAW OFFICES OF DANIEL O.
MYERS
818 Red Drive, Suite 210
Traverse City, MI 49684
Telephone: (231) 943-1135
dmyers@domlawoffice.com

*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED.................................................................. ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. iii

INTRODUCTION ...................................................................... 1

STATEMENT OF RELEVANT FACTS ................................................ 2

ARGUMENT ............................................................................ 4

I.      APPLICABLE LEGAL STANDARDS ....................................... 4

II.     THE VRPA AMENDMENTS ARE NOT RETROACTIVE ...................... 5

III.    PLAINTIFF HAS SUFFERED INJURY-IN-FACT FOR PURPOSES
        OF ARTICLE III OF THE CONSTITUTION ............................. 11

IV.     PLAINTIFF HAS ADEQUATELY ALLEGED HER CLAIM UNDER
        THE VRPA ............................................................ 12

V.      DEFENDANT HAS WAIVED ITS RIGHT TO CHALLENGE
        PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT .......................... 13

VI.     THE COURT SHOULD NOT STAY THIS CASE................................ 14

CONCLUSION ....................................................................... 17

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.     Whether the July 31, 2016 amendments to the Michigan Rental Privacy Act, which amendments 1) do not contain express language regarding retroactivity, 2) contain a specific, effective future date, and 3) substantively changed the law of statutory standing under the Michigan Rental Privacy Act, apply retroactively or prospectively?

II.    Whether Defendant's disclosure of Plaintiff's subscriber information, which disclosure is prohibited by the Michigan Rental Privacy Act and has been deemed an invasion of privacy by the Legislature, is a concrete harm sufficient to support Plaintiff's standing to sue under Article III of the United States Constitution?

III.   Whether Plaintiff, by alleging that she subscribes to Defendant's magazine and purchased that subscription from Defendant, adequately alleged her claim under the Michigan Rental Privacy Act?

IV.    Whether Defendant, by failing to identify any issues with Plaintiff's Unjust Enrichment claim, waived its challenge to the sufficiency of Plaintiff's pleading as to that claim?

V.     Whether a stay is appropriate given the fact that Defendant has asked the Court to decide multiple issues, but only to stay the case should the Court decide those issues against Defendant?

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

I. Whether the July 31, 2016 amendments to the Michigan Rental Video Privacy Act are retroactive?

   ***Cases***

   *Frank W. Lynch & Co. v. Flex Techs., Inc.* 624 N.W.2d 180 (Mich. 2001)
   *Brewer v. A.D. Transport Exp., Inc.*, 782 N.W.2d 475 (Mich. 2010)
   *Boelter v. Adv. Mag. Publishers Inc.*, No. 15-cv-5671, --- F.3d ---, 2016 WL 5478468 (S.D.N.Y. Sept. 28, 2016)
   *Boelter v. Hearst Commun., Inc.*, No. 15-cv-3934, --- F.3d ---, 2016 WL 3369541 (S.D.N.Y. June 17, 2016)


II. Whether the disclosure of Plaintiff's legally protected information is a concrete harm?

   ***Cases***

   *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)
   *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262 (3d Cir. 2016)
   *Boelter v. Adv. Mag. Publishers Inc.*, No. 15-cv-5671, --- F.3d ---, 2016 WL 5478468 (S.D.N.Y. Sept. 28, 2016)
   *Boelter v. Hearst Commun., Inc.*, No. 15-cv-3934, --- F.3d ---, 2016 WL 3369541 (S.D.N.Y. June 17, 2016)


III. Whether Plaintiff adequately alleged her claim under the Michigan Rental Privacy Act?

   ***Cases***

   *Halaburda v. Bauer Pub. Co., LP*, No. 12-cv-12831, 2013 WL 4012827 (E.D. Mich. Aug. 6, 2013)
   *Boelter v. Hearst Commun., Inc.*, No. 15-cv-3934, --- F.3d ---, 2016 WL 3369541 (S.D.N.Y. June 17, 2016)

IV.     Whether Defendant waived its challenge to Plaintiff's Unjust Enrichment Claim?

***Cases***

*Kuhn v. Washtenaw County*, 709 F.3d 612 (6th Cir. 2013)


V.      Whether a stay is appropriate?

***Cases***

*Hall v. Forbes Media LLC*, No. 15-cv-13844, 2016 WL 4761790 (E.D. Mich. Sept. 13, 2016)

## INTRODUCTION

Without her permission, Defendant Bonnier Corporation ("Bonnier") disclosed Plaintiff's legally protected subscriber information and invaded her privacy rights in violation of the Michigan Video Rental Privacy Act ("VRPA"), M.C.L. § 445.1711, *et seq.*   Rather than dispute this fact, Defendant seeks to obfuscate it.  Specifically, Defendant asks the Court to dismiss Plaintiff's Amended Complaint for her purported failure to allege actual, monetary harm, and to allege that she purchased a magazine subscription directly from Defendant.  Alternatively, Defendant contends that this case should be stayed if the Court refuses to dismiss Plaintiff's Amended Complaint.

The Court should reject Defendant's requests, deny its motion and proceed to the merits of this case.  The VRPA did not require actual, monetary harm when Plaintiff's claims accrued, and the statutory amendments requiring such harm do not apply retroactively to Plaintiff's claims.  Furthermore, Defendant's invasion of Plaintiff's privacy is a concrete harm that supports Plaintiff's Article III standing. Plaintiff's allegations are also sufficient to state a claim under the VRPA, and, even if they are not, Plaintiff has asserted an unjust enrichment claim that is unchallenged. Finally, Defendant's request for an order staying this case is disingenuous because Defendant has asked the Court to stay the case only if the Court finds against

1

Defendant.  For these reasons, as well as those explained more fully below, the Court should reject Defendant's motion in full.

## STATEMENT OF RELEVANT FACTS

Defendant sells magazine subscriptions nationwide.  ¶¶ 2, 11.[1]  Plaintiff subscribes to Boater magazine, which is owned, operated and/or controlled by Defendant.  ¶¶ 11, 33-34.  As part of this subscription, Defendant collects Plaintiff's personal information, including her name, address and subscriber history.  ¶¶ 28-29. Defendant has made Plaintiff's personal information available to third parties.  ¶¶ 30-32, 36.  The disclosure of Plaintiff's personal information has invaded Plaintiff's privacy and Defendant has directly profited from its disclosure.  ¶¶ 25-27, 37-38.

This conduct violates the VRPA, which recognizes that "one's choice in videos, records, and books is nobody's business but one's own," and that "a person's choice in reading, music, and video entertainment is a private matter, and not a fit subject for consideration by gossipy publications, employers, clubs, or anyone else, for that matter."  ¶ 22.  The VRPA forbids individuals "engaged in the business of selling at retail, renting, or lending books or other written materials, sound recordings, or video recordings" from "disclosing to any person, other than the customer, a record or information concerning the purchase, lease, rental, or

---

[1] ¶ __, and ¶¶ ___, refer to the Amended Complaint, Dkt. No. 7.

2

borrowing of those materials by a customer that indicates the identity of the customer." ¶ 23 (quoting M.C.L. § 445.1712).

Before its amendment, which became effective July 31, 2016, *see* Def.'s Br., pg. 5, the VRPA provided that "[a]ny person who violates the VRPA is liable in a civil action for damages to the customer identified in a disclosure, and any customer identified by such a disclosure may recover actual damages, or $5,000, whichever is greater, and costs and reasonable attorney fees," ¶ 24 (citing pre-amendment M.C.L. § 445.1715).  There was no ambiguity regarding the pre-amendment VRPA, and all known authority agreed that the VRPA provided a private right of action to any person whose legally protected information was disclosed, regardless of whether that disclosure resulted in actual damages.  *See* Argument, Section I, pgs. 5-6, *infra*.

After the July 31, 2016 amendments, the VRPA provided "that a customer 'who suffers actual damages as a result of a violation of this act may bring a civil action against the person that violated this act' and may recover 'the consumer's actual damages' and 'reasonable costs and attorneys fees.'"  *See* Def.'s Br., pg. 7 (citing post-amendment M.C.L. § 445.1715).  As explained below, this amendment is not retroactive and, therefore, does not affect the claims of Plaintiff and the Class.

## ARGUMENT

## I.     APPLICABLE LEGAL STANDARDS

Defendant moves to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  "A complaint may be dismissed under Rule 12(b)(6) … if it fails to give the defendant fair notice of what the claim is and the ground upon which it rests." *Ajuba Intern., L.L.C. v. Saharia*, 871 F. Supp. 2d 671, 679 (E.D. Mich. 2012) (alterations and quotation marks omitted).  In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[.]" *Laborers' Loc. 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014) (quotation marks omitted).

To survive a 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, the complaint must demonstrate that the plaintiff has "suffered an injury in fact…that is fairly traceable to the challenged conduct of the defendant…and…is likely to be redressed by a favorable judicial decision[.]"  *Spokeo v. Robins*, 136 S.Ct. 1540, 1547 (2016).  When construing motions filed under 12(b)(1) or 12(b)(6), the court must accept all factual allegations of the complaint as true and construe those allegations in the light most favorable to the plaintiff.  *See Adkisson v. Jacobs Engr. Group, Inc.*, 790 F.3d 641, 647 (6th Cir. 2015) (Rule 12(b)(6)); *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (Rule 12(b)(1)).

4

## II.   THE VRPA AMENDMENTS ARE NOT RETROACTIVE

Michigan law applies a "strong presumption against the retroactive application of statutes in the absence of a clear expression by the Legislature that the act be so applied." *Frank W. Lynch & Co. v. Flex Techs., Inc.* 624 N.W.2d 180, 185 (Mich. 2001); *see also Davis v. State Emps.' Ret. Bd.*, 725 N.W.2d 56, 60 (Mich. App. 2006) (requiring "clear, direct and unequivocal" intent by the Legislature that the statute has retroactive effect). "This is especially true if retroactive application of a statute would impair vested rights … or attach a disability with respect to past transactions." *Frank.* 624 N.W.2d at 182.

The Michigan Supreme Court has held that the Legislature's "provi[sion of] a specific, future effective date and omi[ssion of] any reference to retroactivity supports a conclusion that a statute should be applied prospectively only." *Brewer v. A.D. Transport Exp., Inc.*, 782 N.W.2d 475, 479 (Mich. 2010). In fact, since "the Legislature has shown on several occasions that it knows how to make clear its intention that a statute apply retroactively," the lack of express retroactive language alone supports only prospective application. *Frank* 624 N.W.2d at 184 (citing M.C.L. § 141.1157; M.S.A. § 5.3188(257), and M.C.L. § 324.21301a; M.S.A. § 13A.21301a, both of which have express language regarding retroactivity); *Kia Motors America, Inc. v. Glassman Oldsmobile Saab Hyundai, Inc.*, 706 F.3d 733, 739 (6th Cir. 2013).

Here, the VRPA amendments provide for a specific, future effective date, and omit any reference to retroactive application.  As recognized in *Frank*, the lack of any reference to retroactivity, by itself, supports only a prospective application of the VRPA amendments.  And, as recognized in *Brewer*, the specific, future effective date included by the Legislature confirms that the VRPA amendments are only to be applied prospectively after that date.  Thus, the VRPA amendments do not contain the "clear expression" of retroactive intent required to overcome Michigan's "strong presumption" against retroactive application, and Defendant's suggestions otherwise should be rejected.  *See Frank*, 624 N.W.2d at 185.

Nonetheless, Defendant argues that the VRPA amendments apply retroactively because the second enacting section of the VRPA amendments states: "This amendatory act is curative and intended to clarify[.]"  Def.'s Br., pg. 9.  According to Defendant, all "curative and clarifying enactments have retroactive application."  Def.'s Br., pg. 10.  This assertion ignores the case law Defendant used to create its argument and, in any event, is mistaken.

The cases that supposedly stand for the proposition that "curative" and "clarifying" language always evinces retroactive intent actually state that "[a]n amendment may apply retroactively where the Legislature enacts an amendment to clarify an existing statute and to resolve a controversy regarding its meaning." *Mortg. Elec. Registration Sys., Inc. v. Pickrell*, 721 N.W.2d 276, 280 (Mich. App.

6

2006) (cited at Def.'s Br., pgs. 8-9); *People v. Sheeks*, 625 N.W.2d 798, 801 (Mich. App. Ct. 2001) (cited at Def.'s Br., pgs. 9-10); *Allstate Ins. Co. v. Faulhaber*, 403 N.W.2d 527, 529 (Mich. App. 1987) (cited at Def.'s Br., pg. 9).

The holdings of these cases are inapplicable here because prior to the VRPA amendments there was no controversy regarding the meaning of the VRPA. *See Boelter v. Hearst Commun., Inc.*, No. 15-cv-3934, 2016 WL 361554, at *3 (S.D.N.Y. Jan. 28, 2016) ("Customers who are identified in information that is unlawfully disclosed may bring a civil action to recover the greater of actual or statutory damages[.]"); *Coulter-Owens v. Time, Inc.*, 308 F.R.D. 524, 536 (E.D. Mich. 2015) ("Each disclosure, by statute, entitles recovery of $5,000.00, a sum certain"); *Owens v. Rodale, Inc.*, No. 14-cv-12688, 2015 WL 575004, at *4 (E.D. Mich. Feb. 11, 2015) ("[T]he VRPA explicitly provides for statutory damages of $5,000 as an alternative to actual damages."); *Halaburda v. Bauer Pub. Co., LP*, No. 12-cv-12831, 2013 WL 4012827, at *6 (E.D. Mich. Aug. 6, 2013) (same); *Kinder v. Meredith Corp.*, No. 14-cv-11284, 2014 WL 4209575, at *4 (E.D. Mich. Aug. 26, 2014) ("The VRPA grants standing to plaintiffs who suffer a statutory violation and does not require actual damages."); *Cain v. Redbox Automated Retail, LLC*, 981 F. Supp. 2d 674, 683-84 (E.D. Mich. 2013) (rejecting argument that VRPA requires actual damages); *Deacon v. Pandora Media, Inc.*, 901 F. Supp. 2d 1166, 1172 (N.D. Cal. 2012)

("[T]he [VRPA's] civil remedy provision allows for recovery based on a showing of actual damages *or* statutory damages.").

Without any dispute or ambiguity to "cure" or "clarify" as to the VRPA, it is unclear what the "curative and intended to clarify" language cited by Defendant is supposed to mean, if anything at all. The language Defendant cites is ambiguous, and in any event does not demonstrate the "clear expression" of retroactive intent the Michigan Supreme Court requires for retroactive application.

To the extent Defendant argues that the VRPA amendments were passed to invalidate prior case law, "the choice to enact a statute that responds to a judicial decision is quite distinct from the choice to make the responding statute retroactive." *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 305 (1994). And, "[e]ven if the Legislature acts to invalidate … prior decision[s] …, the amendment is limited to prospective application if it enacts a substantive change in the law." *Brewer*, 486 N.W.2d at 56.

Here, unlike the cases on which Defendant relies, the VRPA amendments undoubtedly enacted a substantive change in law by requiring a VRPA plaintiff to suffer actual damages, instead of relying solely on an invasion of privacy, before bringing suit. Since the VRPA amendments substantively changes the elements necessary to sustain an action under the VRPA, the amendments can only be applied prospectively.

8

Defendant also argues that the plain language of the VRPA amendments "shows that where the Michigan Legislature intended prospective application … it said so."  Def.'s Br., pg. 10.  In support of this argument, Defendant cites the "ordinary course of business" liability exception the VRPA amendments created.  This section states that information may be disclosed "to any person if the disclosure is incident to the ordinary course of business of the person that is disclosing the record" but also states that it "only applies to a record or information that is created or obtained after the effective date of the amendatory act that added this subdivision."  *Id.*

This language does not serve as a "clear expression" of retroactive intent by the Legislature.  Quite the opposite; it preserves a pre-existing right.  The new exception merely states that, *in the future*, a covered entity may not disclose a record or information incident to the ordinary course of business if the record or information disclosed was created or obtained before the effective date of the VRPA amendments.  Since records and information created before the effective date of the VRPA amendments can be held by covered entities after the VRPA amendments take effect, this section is intended to shield those records and information from *future* disclosure.  The language cited by Defendant does not mention, and in no way concerns, past disclosures of records or information incident to the ordinary course

9

of business.  For this reason, Defendant's attempt to create the appearance of retroactive intent where none exists should be rejected.

Finally, two recently reported decisions from the Southern District of New York have rejected outright Defendant's retroactivity argument.  *See Boelter v. Adv. Mag. Publishers Inc.*, No. 15-cv-5671, --- F.3d ---, 2016 WL 5478468, at *9-12 (S.D.N.Y. Sept. 28, 2016); *Boelter v. Hearst Commun., Inc.*, No. 15-cv-3934, --- F.3d ---, 2016 WL 3369541, at *4-6 (S.D.N.Y. June 17, 2016).  Both decisions recognized that the "curative and intended to clarify" language cited by Defendant cannot, on its own, evince an unequivocal retroactive intent on part of the Legislature.  *Id.*  Each decision also recognized that the "ordinary course of business" exception does not evince a clear expression of retroactive intent because its language is forward-looking and serves only to identify the information subject to the newly created "ordinary course of business" exception.  *Id.*  These are well-reasoned conclusions contained in recently published opinions.  Plaintiff respectfully urges the Court to follow them.

In sum, Defendant has failed to identify any clear expression by the Michigan Legislature that the VRPA amendments were intended to be applied retroactively. As such, Defendant has failed to overcome Michigan's strong presumption against retroactivity, and its arguments regarding retroactivity should be rejected.

## III.   PLAINTIFF HAS SUFFERED INJURY-IN-FACT FOR PURPOSES OF ARTICLE III OF THE CONSTITUTION

"To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548 (quotation marks omitted).  "A 'concrete' injury must be '*de facto* '; that is, it must actually exist." *Id.*  "Although tangible injuries are perhaps easier to recognize … intangible injuries can nevertheless be concrete." *Id.* at 1549.  The unlawful disclosure of legally protected information is a *de facto* injury that actually exists and thus, is concrete for purposes of Article III.  *See In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 274 (3d Cir. 2016) ("The purported injury here … [w]hile perhaps 'intangible,'… is also concrete in the sense that it involves a clear *de facto* injury, *i.e.*, the unlawful disclosure of legally protected information."); *see also Yershov v. Gannet Satellite Info. Network, Inc.*, No. 14-cv-13112, --- F. Supp. 3d ---, 2016 WL 4607868, at *7 (D. Mass. Sept. 2, 2016) (similar, and citing *In re Nickelodeon* and other cases).

The *Boetler* decisions from the Southern District of New York are directly on point with the facts of this case.  In those decisions, the courts recognized that the VRPA "reflect[s] legislative determinations as to what kinds of unauthorized disclosures invade the privacy interests of consumers in the content they consume," and that the disclosure of information protected by the VRPA invaded the plaintiffs'

11

privacy rights and thus qualified as a concrete harm. *Boelter v. Adv. Mag. Publishers Inc.*, 2016 WL 5478468, at \*6; *Boelter v. Hearst Commun., Inc.*, 2016 WL 3369541, at \*3.

Here, similar to the *Boetler* decisions, Plaintiff alleges that her personal information was disclosed by Defendant without her authorization. Since the VRPA legally protects this information from disclosure, Defendant's unauthorized disclosure invaded Plaintiff's right to privacy and, therefore, is a concrete harm that gives her standing under Article III of the Constitution. Defendant's arguments to the contrary should be rejected and its motion should be denied.

## IV.   PLAINTIFF HAS ADEQUATELY ALLEGED HER CLAIM UNDER THE VRPA

"The VRPA encompasses those 'engaged in the business of selling at retail books or other written materials.'" *Boetler v. Hearst Comm., Inc.*, 2016 WL 3369541, at \*14 (quoting M.C.L. § 445.1712) (alterations omitted). A person or entity is engaged in the business of selling at retail when that person or entity is "in the business of publishing magazines, and sell[s] them to the ultimate consumer of the products." *Halaburda*, 2013 WL 4012827, at \*7; *see also Boetler v. Hearst Comm., Inc.*, 2016 WL 3369541, at \*14-15.

Here, Plaintiff alleges (1) that Defendant publishes Boater Magazine and sells the magazine to consumers, (2) that she "subscribes to Boater Magazine," and (3) that she "purchased a subscription to [that] publication from Defendant." ¶¶ 11, 33-

34 52.  While Defendant contends that these allegations are insufficient because they do not include the word "directly," if Plaintiff's allegations are taken as true, they plausibly suggest that Defendant publishes magazines, sells those magazines to consumers, and that Plaintiff purchased a subscription from Defendant.  Whatever "at retail" element a VRPA claim requires, Plaintiff clearly has pleaded any such element in the Amended Complaint.  Whether Plaintiff actually meets that element is a merit-based question, which is irrelevant at this stage of the litigation.  As a result, the Court should reject Defendant's argument to the contrary.

## V.   DEFENDANT HAS WAIVED ITS RIGHT TO CHALLENGE PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT

Defendant does not challenge Plaintiff's Unjust Enrichment Claim (Count II of Plaintiff's Amended Complaint).  *See* Def.'s Br., Statement of Issues Presented, pg. iii (failing to identify any issues regarding Plaintiff's Unjust Enrichment Claim).  When a party does not raise an issue in its opening brief that issue has been waived.  *Kuhn v. Washtenaw County*, 709 F.3d 612, 624 (6th Cir. 2013) ("This court has consistently held that arguments not raised in a party's opening brief … are waived."); *see, e.g.*, *Brown v. Commr. of Soc. Sec.*, No. 15-cv-10478, 2015 WL 12681367, at *9 (E.D. Mich. Oct. 20, 2015), *report and recommendation adopted*, No. 15-cv-10478, 2015 WL 7756139 (E.D. Mich. Dec. 2, 2015) ("Brown has waived the 'sentence six' remand argument by not addressing it in her motion."); *U.S. v. Sinclair*, No. 13-cr-20829, 2014 WL 2647197, at *4 n. 1 (E.D. Mich. June 13, 2014),

*aff'd*, 631 Fed. Appx. 344 (6th Cir. 2015) ("New arguments are waived when raised for the first time in a reply brief and the court need not consider these issues.").

As a result, Plaintiff's Unjust Enrichment Claim must survive Defendant's motion regardless of the propriety of Defendant's 12(b)(1) and 12(b)(6) arguments with respect to Plaintiff's claim under the VRPA.

## VI.   THE COURT SHOULD NOT STAY THIS CASE.

Defendant contends the Court should stay this case pending the Sixth Circuit's ruling on the same retroactivity, Article III standing, and "at retail" issues it has raised.   Yet Defendant, at the same time, proceeds to argue the merits of these three issues throughout the first seventeen pages of its brief, then actively invites the Court to reach a determination on each issue.   Defendant essentially is asking the Court to disregard the Sixth Circuit should the Court agree with Defendant, but defer to the Sixth Circuit should the court disagree with Defendant.   The Court should reject Defendant's attempt to press on the merits of these dispositive issues so long as the Court rules in its favor, while at the same time seeking to delay Plaintiff's case and protect itself in the event of an adverse adjudication.

The Court also should reject Defendant's request for a stay because Defendant has not demonstrated that the standard articulated in *Hall v. Forbes Media LLC*, No. 15-cv-13844, 2016 WL 4761790 (E.D. Mich. Sept. 13, 2016) has been satisfied.   In

14

*Hall*, the court held that a district court may weigh the following considerations when making a determination on whether to grant a stay:

> 1) the potentiality of another case having a dispositive effect on the case to be stayed; 2) the judicial economy to be saved by waiting on a dispositive decision; 3) the public welfare; and 4) the hardship/prejudice to the party opposing the stay, given its duration.

*Hall*, 2016 WL 4761790, at *1 (citing *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004)).  The Court further held that the party seeking a stay "bears the burden of demonstrating such relief is warranted."  *Id.* (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).  Here, Defendant has not demonstrated a stay is appropriate.

First, even if the Sixth Circuit is considering the same issues Defendant has raised here, Defendant has failed to show – and, more importantly, has not even addressed the likelihood – that those issues will be decided in its favor.  Without a showing regarding the likelihood that Defendant's position will be adopted by the Sixth Circuit, Defendant cannot show that the case before the Sixth Circuit will have a dispositive effect here.  In fact, the Sixth Circuit case most likely will not affect this case because the Sixth Circuit is unlikely to adopt Defendant's positions or validate its arguments.  As explained above, the VRPA amendments lack a clear expression of retroactive intent, and it is well-settled that the disclosure of legally protected information is a concrete harm sufficient to support Article III standing.

Furthermore, regardless of how the Sixth Circuit decides the "at retail" issue, this case is not at summary judgment, and since Plaintiff has adequately alleged that

element, any decision by the Sixth Circuit will have no effect here.  In short, Defendant cannot obtain a stay merely by highlighting the fact that similar issues are being considered by an appellate court.  Rather, Defendant must show that the case pending before the appellate court will affect this case in a dispositive way.  Because the retroactivity and standing issues before the Sixth Circuit are likely to be decided against Defendant, and because the "at retail" issue will have no bearing on this case, the Sixth Circuit case has little, if any, potential for having a dispositive effect here.  As a result, a stay is not appropriate.

Second, while Defendant contends judicial economy will be saved should the Court grant a stay, the first seventeen pages of Defendant's brief say otherwise.  In fact, Defendant only requests a stay to the extent the Court does not dismiss this case on retroactivity, Article III standing, or "at retail" grounds.  In other words, Defendant is actively inviting the Court to not only wade into the issues on appeal at the Sixth Circuit, but fully consider their merits, then rule on them only if it does so in Defendant's favor.  Because Defendant has invited the Court to fully consider the merits of this case, the Court should reject Defendant's self-serving argument that a stay under these circumstances promotes judicial economy.

Third, a stay would not advance the public interest.  While the defendant in *Hall* claimed that it was not actively disclosing legally protected information, *see* 2016 WL 4761790, at *3, Defendant here merely states that the "harmful effects of

publicly available subscriber information are merely theoretical," Def.'s Br., pg. 20. While Defendant may not agree that disclosing legally protected information and invading its subscribers' privacy interests are not harmful, the Michigan Legislature has said otherwise. This case is unlike *Hall* because, here, ongoing harm is occurring and may be enjoined. As such, Defendant's arguments should be rejected.

In sum, because the Sixth Circuit case is unlikely to have a dispositive effect here, because Defendant has asked this Court to rule on dispositive issues and then stay the case only if an adverse ruling results, and because Defendant is actively engaged in disclosing legally protected information, the Court should reject Defendant's stay request, and should – as Defendant itself has requested – decide the issues Defendant has raised.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the Court should DENY Defendants' Motion to Dismiss or Stay in its entirety. Should the Court grant Defendants' Motion to Dismiss, in full or in part, Plaintiff requests an opportunity to amend her Complaint.

Dated: January 13, 2017                Respectfully submitted,

*/s/ Gary F. Lynch*
Gary F. Lynch
CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
glynch@carlsonlynch.com

Daniel Myers
THE LAW OFFICES OF DANIEL O.
MYERS
818 Red Drive, Suite 210
Traverse City, MI 49684
Telephone: (231) 943-1135
dmyers@domlawoffice.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on Friday, January 13, 2017, I electronically filed the foregoing document with the Clerk of Court using the Court's ECF filing system, which will send notification to the following:

Daniel T. Stabile
Shutts & Bowen LLP
200 South Biscayne Blvd., Suite 4100
Miami, FL 33131
Telephone: 305-415-9063
Facsimile: 305-347-7714
dstabile@shutts.com

John J. Gillooly
Garan Lucow
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
Telephone: 313-446-5501
jgillooly@garanlucow.com

*/s/ Gary F. Lynch*
Gary F. Lynch

19