# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| REBECCA FRISKE, individually and on behalf of all others similarly situated, | Case No. 16-cv-12799-DML-EAS |
| Plaintiff, | District Judge David M. Lawson |
| v. | Magistrate Judge Elizabeth A. Stafford |
| BONNIER CORPORATION, a Delaware corporation, | |
| Defendant. | |

### PLAINTIFF'S UNOPPOSED MOTION TO CERTIFY SETTLEMENT CLASS AND APPOINT SETTLEMENT CLASS COUNSEL

COMES NOW, Plaintiff Rebecca Friske, by and through her undersigned counsel, and hereby moves the Court for an Order certifying this action as a class action, for settlement purposes only, pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:

1.  Plaintiff seeks certification of a settlement class defined as follows: "all Michigan residents who received one or more subscriptions to a magazine published by Bonnier between July 28, 2010 and the date of Preliminary Approval of the Agreement, and who did not purchase such subscriptions through a Third-Party Subscription Agent."

1

2. Plaintiff respectfully requests that she be appointed class representative and that her counsel, Carlson Lynch Sweet Kilpela & Carpenter, LLP and the Law Offices of Daniel O. Myers, be appointed as class counsel.

3. In support thereof, Plaintiff relies upon the Memorandum and Declaration filed contemporaneously herewith.

WHEREFORE, Plaintiff respectfully requests the Court GRANT her motion and enter the attached proposed order.

Dated: August 31, 2017                    Respectfully,

/s/ Gary F. Lynch
Gary F. Lynch
CARLSON LYNCH SWEET
KILEPLA & CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15232
glynch@carlsonlynch.com
bcarlson@carlsonlynch.com

Daniel Myers
THE LAW OFFICES OF
DANIEL O. MYERS
818 Red Drive, Suite 210
Traverse City, MI 49684
dmyers@domlawoffice.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| REBECCA FRISKE, individually and on behalf of all others similarly situated, | Case No. 16-cv-12799-DML-EAS |
| Plaintiff, | District Judge David M. Lawson |
| v. | Magistrate Judge Elizabeth A. Stafford |
| BONNIER CORPORATION, a Delaware corporation, | |
| Defendant. | |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S UNOPPOSED MOTION TO CERTIFY
## <u>SETTLEMENT CLASS AND APPOINT SETTLEMENT CLASS COUNSEL</u>

## STATEMENT OF ISSUES PRESENTED

1. Does the proposed Settlement Class meet Rule 23's requirement for class certification?

   **Answer: Yes.**

2. Should Plaintiff's Counsel be appointed as Counsel for the Settlement Class?

   **Answer: Yes.**

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Cases*

*Coulter-Owens v. Time, Inc.*, 308 F.R.D. 524 (E.D. Mich. 2015)

*Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016)

*Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532 (6th Cir. 2012)

*Statutes*

Michigan Video Rental Privacy Act, M.C.L. § 445.1711, *et seq.*

*Rules*

Fed. R. Civ. P. 23

**I.     INTRODUCTION**

Plaintiff, Rebecca Friske ("Plaintiff"), on behalf of herself and the class she seeks to represent, alleges that Defendant, Bonnier Corporation ("Defendant" or "Bonnier"), violated the Michigan Video Rental Privacy Act ("VRPA"), M.C.L. § 445.1711, *et seq.*, by disclosing her and other Michigan customers' personal magazine subscriber information to third parties without notice or consent. After months of negotiations, including a lengthy mediation at JAMS New York and follow-up work with the mediator, the parties have reached a proposed settlement (the "Settlement Agreement"), which, if approved by the Court, would resolve the claims of Plaintiff and other similarly situated Michigan residents who subscribed to magazines published by Defendant.

Plaintiff seeks certification, for settlement purposes only, of the following class:

> all Michigan residents who received one or more subscriptions to a magazine published by Bonnier between July 28, 2010 and the date of Preliminary Approval of the Agreement, and who did not purchase such subscriptions through a Third-Party Subscription Agent (the "Settlement Class").

For the reasons explained below, the Settlement Class should be certified, and Plaintiff respectfully requests that the Court grant her motion. Bonnier does not oppose the relief sought in this motion, but reserves the right to argue that class

1

certification is inappropriate in the event that the Settlement Class is not certified and/or the Settlement Agreement is not preliminarily and finally approved.

Should the Court certify the Settlement Class, the Parties will file their joint motion for preliminary approval.

## II. BACKGROUND

### A. Statement of Facts

Bonnier publishes magazines that are sold to consumers throughout the United States, including to Michigan residents. *See* Amended Complaint, Dkt. No. 7 ¶¶ 2, 11 (Filed Nov. 7, 2016) (hereinafter "Compl."). Plaintiff, a Michigan resident, subscribes to *Boating* magazine, which is published by Defendant. *Id.* at ¶¶ 11, 33-34. In connection with its role as a publisher, Defendant obtained Plaintiff's personal information, including her name, address and subscription history. *Id.* at ¶¶ 28-29. Defendant made certain of this information available to third parties. *Id.* at ¶¶ 25-27, 30-32, 36-38.

Plaintiff asserts that Defendant's conduct violates the VRPA.[1] *See* Compl. ¶¶ 49-57. The VRPA forbids individuals "engaged in the business of selling at retail, renting, or lending books or other written materials" from "disclos[ing] to any person, other than the customer, a record or information concerning the purchase, lease, rental, or borrowing of those materials by a customer that indicates

---

[1] On July 31, 2016, after the filing of this lawsuit, several amendments to the VRPA took effect.

the identity of the customer." *See* M.C.L. § 445.1712 (text of statute in effect before July 31, 2016). The VRPA also provides a safe-harbor and allows subscriber information to be disclosed "[i]f the disclosure is for the exclusive purpose of marketing goods and services directly to the consumer" and "[t]he person disclosing the information … informed the customer by written notice that the customer may remove his or her name at any time by written notice to the person disclosing the information." M.C.L. § 445.1713(d) (text of statute in effect before July 31, 2016). Plaintiff alleges that this safe-harbor does not apply because she did not consent to having her information disclosed, never received adequate notice of disclosure, and Defendant's disclosures were not for the exclusive purpose of marketing goods and services to its customers. *See* Compl. ¶¶ 30-33, 54-55.

  **B.** **Litigation history and settlement discussions**

Plaintiff filed this action on July 29, 2016, *see* Dkt. No. 1, and filed an amended complaint on November 07, 2016, *see* Dkt. No. 7. Bonnier filed a motion to dismiss on December 09, 2016, *see* Dkt. No. 11, which the parties fully briefed, *see* Dkt. Nos. 12, 17 and 20.

The Court entered a Scheduling Order on January 23, 2017, setting discovery dates and dates for class certification briefing, among other deadlines. *See* Dkt. No. 19. After that Order was entered, Plaintiff served discovery on

3

Defendant and the parties began to engage in settlement discussions. Declaration of Gary Lynch ¶¶ 5-6 (hereinafter "Lynch Dec.").

After numerous settlement discussions, the parties agreed to mediate their dispute and the Court entered a formal order on April 29, 2017, referring the case to mediation. *See* Dkt. No. 21. The mediation was conducted by Jed D. Melnick at JAMS in New York City, and the parties exchanged mediation briefs and informal information in order to prepare for and conduct the mediation. Lynch Dec. ¶ 8. After a full day of mediation, follow-up work with the mediator, and various arms-length negotiations spanning several months, the parties ultimately reached an agreement in principal. *Id.* at ¶ 9. Subsequently, the parties executed a Settlement Agreement. Plaintiff seeks to certify the proposed Settlement Class in order to put the terms of the parties' Settlement Agreement before the Court for purposes of preliminary approval and dissemination of notice.

### III. ARGUMENT

Classes certified for settlement purposes, like classes certified through the litigation process, must meet the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619-23 (1997). Under Rule 23(a), the settlement class must satisfy numerosity, commonality, typicality and adequacy. *See* Fed. R. Civ. P. 23(a)(1)-(4). Under Rule 23(b)(3), the settlement class must satisfy predominance and superiority. *See*

4

Fed. R. Civ. P. 23(b)(3). As explained below, the Settlement Class satisfies each of the requirements of Rule 23(a) and (b)(3).

### A.   Numerosity is satisfied

To satisfy numerosity, the settlement class must be "so numerous that joinder of all members is impracticable." Rule 23(a)(1). "While no strict numerical test exists, 'substantial' numbers of affected consumers are sufficient to satisfy this requirement." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 541 (6th Cir. 2012).

Here, the Settlement Class easily satisfies numerosity because, according to Defendant's records, there are approximately 126,240 Michigan persons who purchased a subscription to a magazine published by Bonnier, from July 28, 2010 until the date of the filing of this motion, where such subscription was not purchased through a third-party subscription agent. Lynch Dec. ¶ 10. A class consisting of approximately 126,240 is "substantial" and so numerous that joinder of all members is impracticable.

### B.   Commonality is satisfied

To satisfy commonality, there must be "questions of law or fact common to the [settlement] class." Rule 23(a)(2). "[A] common question is one where the same evidence will suffice for each member to make a prima facie showing or the issue is susceptible to generalized, class-wide proof." *Tyson Foods, Inc. v.*

*Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016). Only a "single common question" is required. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011).

Here, commonality is satisfied because the central legal and factual questions at issue are common to Plaintiff and the Settlement Class Members. The central common legal questions include whether Defendant is "engaged in the business of selling at retail … books or other written materials," and whether Defendant disclosed "a record of information concerning the [Settlement Class Members'] purchase[s]" that "identifies the identity of the [Settlement Class Members]." *Coulter-Owens v. Time, Inc.*, 308 F.R.D. 524, 533 (E.D. Mich. 2015). The central common factual questions include whether Defendant, as a matter of policy, disclosed the personal subscriber information of Plaintiff and the Settlement Class Members. *Id.* Several potential affirmative defenses also raise common factual issues. For example, the VRPA provides a safe-harbor, where a defendant can avoid liability if disclosures were made for the exclusive purpose of marketing goods and services directly to consumers, and the defendant provided written notice to the subscriber providing an opportunity to opt-out of the disclosure. *See* M.C.L. § 445.1713(d) (text of statute in effect before July 31, 2016). Whether Defendant's disclosures were for exclusive marketing purposes, and if they were, whether Defendant gave the Settlement Class Members sufficient

notice are common to the Settlement Class Members. *Coulter-Owens*, 308 F.R.D. at 533. For each of these reasons, commonality is satisfied here.

### C. Typicality is satisfied

To satisfy typicality, "the claims or defenses of the representative parties" must be "typical of the claims or defenses of the [settlement] class." Rule 23(a)(3). "[T]he representative's interests [must] be aligned with those of the represented group, and in pursing h[er] own claims, the named plaintiff [must] also advance the interests of the class members." *Young*, 693 F.3d at 542.

Typicality is satisfied here because Plaintiff is alleging Defendant discloses the personal subscriber information of all subscribers as a matter of policy. Because Defendant disclosed Settlement Class Members' information in the same way as Plaintiff's information, the pursuit of Plaintiff's claims will advance the interests of the Settlement Class Members. Similarly, and as explained in the commonality section, Plaintiff is alleging Defendant's disclosures were not made for the exclusive purpose of marketing goods and services directly to Settlement Class Members and that notice was insufficient. Plaintiff's pursuit of these issues is directly aligned with the interests of the Settlement Class Members. As a result, typicality is satisfied. *See, e.g.*, *Coulter-Owens*, 308 F.R.D. at 534-35.

7

## D. Adequacy is satisfied

To satisfy adequacy, "the representative parties [must] fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Two criteria are relevant to this inquiry: "(1) the representative must have common interests with unnamed members of the class; and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Young*, 693 F.3d at 543. Courts also must "review[] the adequacy of class representation to determine whether class counsel are qualified, experienced and generally able to conduct the litigation." *Id.*

Here, Plaintiff and each Settlement Class Member are Michigan subscribers of magazines published by Bonnier, and each allegedly had their personal subscriber information disclosed without their consent. Plaintiff and each Settlement Class Member have identical interests in recovering for the allegedly unlawful disclosure of their information and ensuring such disclosures do not continue. Accordingly, Plaintiff's interest is not antagonistic to the Settlement Class, and she can adequately represent their interests.

Similarly, Plaintiff's Counsel have a wealth of experience litigating consumer class actions. Lynch Dec. ¶ 11. Plaintiff's Counsel have been involved in numerous consumer protection lawsuits throughout the country and have the resources and skill to litigate these cases. *Id.* at ¶ 12. Additionally, Plaintiff's

8

Counsel has litigated this case thoughtfully and engaged in months-long negotiations to achieve the result currently before the Court.

For all of these reasons, Plaintiff and Plaintiff's Counsel have demonstrated their commitment to advocating for the interests of the Settlement Class and their interest do not divert from the Settlement Class Members. As a result, adequacy is satisfied here.

### E. Predominance is satisfied

To satisfy predominance, "the questions of law or fact common to the [settlement] class members [must] predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "The predominance inquiry asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc.*, 136 S. Ct. at 1045. "When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." *Id.*

Here, the common questions of law and fact identified in the commonality section predominate over any questions affecting only individual class members. Again, the central factual inquiry is whether the personal subscriber information of

9

the Settlement Class Members was disclosed, whether those disclosures were made solely for marketing purposes, and whether the Settlement Class Members received sufficient notice regarding the disclosures. These common issues drown-out any individualized inquiries. Likewise, the common legal questions at issue, whether Defendant sells magazines "at retail" and whether Defendant's disclosures identified the Settlement Class Members for purposes of the VRPA, predominate any individual legal issues specific to any individual Settlement Class Member. Because the central factual and legal questions are susceptible to generalized class-wide proof, and because Defendant is engaged in a common course of conduct with respect to the Settlement Class as a whole, predominance is satisfied. *See, e.g.*, *Coutler-Owens*, 308 F.R.D. at 536.

### F. Superiority is satisfied

To satisfy superiority, "a class action [must be] superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "Use of the class method is warranted [where] … class members are not likely to file individual actions [and] the cost of litigation … dwarf[s] any potential recovery." *In re Whirlpool Corp. Front-Loading Washer Prods. Liability Litig.*, 722 F.3d 838, 861 (6th Cir. 2013). "Cases alleging a single course of wrongful conduct are particularly well-suited to class certification." *Young*, 693 F.3d at 545. Moreover, where few class members are likely to be aware of the allegedly

harmful conduct, class litigation is warranted. *Id.* ("Given the unlikelihood that many [class members] will discover, let alone attempt to vindicate, their injury … the district court did not abuse its discretion in finding that class litigation was a superior method of adjudicating [the p]laintiffs' claims.").

As stated above, the central questions at issue in this litigation are common to Plaintiff and all Settlement Class Members. Furthermore, the Settlement Class Members may not even be aware of the injuries at issue here, and almost certainly would find the cost of individual litigation much too high to justify individual litigation. For all of these reasons, the class action mechanism is superior to any available alternatives, and superiority is satisfied.

### IV. PLAINTIFF'S COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL

Courts certifying a class for purposes of litigation or settlement "must appoint class counsel." Fed. R. Civ. P. 23(g)(1). The Court must consider: (1) the work counsel has done in identifying or investigating the claims; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted; (3) counsel's knowledge of applicable law; and (4) the resources counsel will commit to representing the settlement class. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

As discussed in the adequacy section, Plaintiff's Counsel have extensive experience litigating consumer class actions. Lynch Dec. ¶¶ 11-12. Also, and as a

11

result of their efforts to date, Plaintiff's Counsel have secured relief for each Settlement Class Member, either in the form of cash or a magazine subscription, depending on the Settlement Class Member's choice, along with prospective relief to ensure Defendant does not continue violating the VRPA in the future. As such, the Court should appoint Carlson Lynch Sweet Kilpela & Carpenter, LLP, and the Law Offices of Daniel O. Myers as Class Counsel.

### V. CONCLUSION

For the reasons contained herein, Plaintiff respectfully requests that the Court grant her motion, (i) certifying the proposed Settlement Class for settlement purposes only and (ii) appointing Plaintiff's Counsel as counsel for the Settlement Class. Defendant does not oppose the relief requested in this motion.

Dated: August 31, 2017                    Respectfully,

Gary F. Lynch
CARLSON LYNCH SWEET
KILEPLA & CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15232
glynch@carlsonlynch.com
bcarlson@carlsonlynch.com

Daniel Myers
THE LAW OFFICES OF
DANIEL O. MYERS
818 Red Drive, Suite 210
Traverse City, MI 49684
dmyers@domlawoffice.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

   I hereby certify that on Thursday, August 31, 2017, I electronically filed the foregoing document with the Clerk of Court using the Court's ECF filing system, which will send notification to the following:

Daniel T. Stabile
Shutts & Bowen LLP
200 South Biscayne Blvd., Suite 4100
Miami, FL 33131
Telephone: 305-415-9063
Facsimile: 305-347-7714
dstabile@shutts.com

John J. Gillooly
Garan Lucow
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
Telephone: 313-446-5501
jgillooly@garanlucow.com

                */s/ Gary F. Lynch*
                Gary F. Lynch