UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA FRISKE,

                                   Case Number 16-12799
      Plaintiff,                Honorable David M. Lawson

v.

BONNIER CORPORATION,

      Defendant.
_____/

**ORDER GRANTING MOTION TO CERTIFY SETTLEMENT CLASS**

This matter is before the Court on the plaintiff's unopposed motion to certify the settlement class [dkt. #24]. The Court has reviewed the plaintiff's submissions and heard oral argument on December 11, 2017. At the conclusion of the hearing, the Court announced from the bench its decision to grant the plaintiff's motion and conditionally certify the proposed settlement class under Federal Rule of Civil Procedure 23(b)(3). However, the Court's certification of the class is pursuant to and conditioned on the parties' representations.

On November 7, 2016, the plaintiff Rebecca Friske filed her amended complaint alleging the defendant, a Delaware corporation that sells subscriptions to magazines nationwide, sold and disclosed customer data to third-parties in violation of Michigan's Video Rental Privacy Act, Mich. Comp. Laws § 445.1711 *et seq*. The plaintiff seeks damages and injunctive relief to prevent further disclosure of the plaintiff's and other similarly situated class members' personal information. The parties have represented to the Court that they have reached a settlement of the claims in this case and presently seek certification of the following settlement class before obtaining preliminary approval of the settlement:

>All Michigan residents who subscribed to or received one or more subscriptions to a magazine published by Bonnier between July 28, 2010 and the date of Preliminary Approval of the Agreement, and who did not purchase such subscriptions through a Third-Party Subscription Agent.

The first prerequisite to class certification under Rule 23(a) is numerosity. *Olden v. LaFarge Corp.*, 203 F.R.D. 254, 268 (E.D. Mich. 2001), *aff'd*, 383 F.3d 495 (6th Cir. 2004). There is no strict numerical test to determine when the class is large enough or too numerous to be joined under the Federal Rules of Civil Procedure. *Senter v. General Motors Corp.*, 532 F.2d 511, 523 n.24 (6th Cir. 1976). Here, the plaintiff alleges in her unopposed motion that the class will consist of approximately 126,240 Michigan residents. That number certainly is large enough, and not so large that claims administration would be unmanageable.

As a general matter, the second prerequisite for class certification — commonality — simply means that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This provision does not demand that all questions of law and fact raised in the complaint are common. *Olden*, 203 F.R.D. at 269. "The standard is not [that] demanding. 'Rule 23(a) simply requires a common question of law or fact.'" *Rockey v. Courtesy Motors, Inc.*, 199 F.R.D. 578, 583 (W.D. Mich. 2001) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997)). In this case, the claims of the absent class members will be identical: that the defendant unlawfully disclosed personal subscriber information in violation of Michigan law. According to the plaintiff, there is little room for individualized factual analysis, since the defendant's conduct takes the claims away from the statute's safe harbor provisions. The commonality element is satisfied. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (requiring that the "determination of [the common contention's] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke").

The requisite of typicality requires that a "sufficient relationship exist[ ] between the injury to the named plaintiff and conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000) (internal quotes omitted). Although the named plaintiffs' claims must fairly encompass the class members' claim, they need not always involve the same facts or law. *See Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998); *Senter*, 532 F.2d at 525 n.31. Here, the named plaintiff's claim is identical to those of the absent class members.

The Supreme Court has explained that the commonality and typicality requirements "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff[s]' claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n.13, 102 S. Ct. 2364, 72 L.Ed.2d 740 (1982). "The test for typicality, like commonality, is not demanding." *Rockey*, 199 F.R.D. at 584. It is satisfied here.

Under Rule 23(a)(4), adequacy of the class members' representation is "based upon two factors: 1) the representatives must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 721 (6th Cir. 2013) (citations omitted). "'[T]he linchpin of the adequacy requirement is the alignment of interests and incentives between the representative plaintiffs and the rest of the class.'" *Ibid.* (quoting *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 183 (3d Cir. 2012)). There is no reason to dispute the contention in the unopposed motion that the named plaintiff's claims are directly aligned with the interests of

the class members, the representative plaintiff does not have any interests that conflict with those of the class members, and the representative plaintiff has retained skilled attorneys who have, and will, vigorously pursue the interests of the class.

In addition, before a class can be certified under Rule 23(b)(3), as the plaintiff proposes here, "(1) questions common to the class [must] predominate over questions affecting only individual members, and (2) class resolution [must be] superior to alternative methods for adjudicating the controversy." *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 535 (6th Cir. 2008). "To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352-53 (6th Cir. 2011)(citing *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 564 (6th Cir.2007)). "A plaintiff class need not prove that each element of a claim can be established by classwide proof." *In re Whirlpool Corp. Front-Loading Washer Products Liability Litig.*, 722 F.3d 838, 858 (6th Cir. 2013). Moreover, class certification is superior to alternative methods of adjudicating the controversy where "class members are not likely to file individual actions [because] the cost of litigation would dwarf any potential recovery." *Id.* at 861.

According to the plaintiff, the defendant was engaged in a common course of conduct such that claims under Michigan's Video Rental Privacy Act are susceptible to generalized class-wide proof, and that pursuing relief in a single suit would be superior to any other form of claim resolution as it would promote judicial economy and address claims of which some class members may be unaware. The plaintiff's lawyers assert that they have extensive experience litigating similar cases involving privacy and consumer protection laws. The defendant disputes none of this.

As stated on the record, the Court finds that the plaintiff has satisfied the requirements of Rules 23(a) and 23(b)(3).

Accordingly, it is **ORDERED** that the plaintiff's unopposed motion to certify the settlement class [dkt. #24] is **GRANTED** for these reasons and those stated on the record.

It is further **ORDERED** that, pursuant to Federal Rule of Civil Procedure 23(b)(3), the following settlement class is conditionally certified in this case:

> All Michigan residents who subscribed to or received one or more subscriptions to a magazine published by Bonnier between July 28, 2010 and the date of Preliminary Approval of the Agreement, and who did not purchase such subscriptions through a Third-Party Subscription Agent.

It is further **ORDERED** that counsel of record for the named plaintiff, namely attorneys Daniel O. Myers and Gary Lynch, are appointed as counsel for the designated settlement class. Plaintiff Rebecca Friske is appointed as the class representative.

It is further **ORDERED** that the parties must file a motion for preliminary approval of the proposed settlement agreement **on or before December 18, 2017**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 13, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 13, 2017.

s/Susan Pinkowski
SUSAN PINKOWSKI