# Exhibit A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| REBECCA FRISKE, individually and on behalf of all others similarly situated, | Case No. 16-cv-12799-DML-EAS |
| Plaintiff, | District Judge David M. Lawson |
| v. | Magistrate Judge Elizabeth A. Stafford |
| BONNIER CORPORATION, a Delaware corporation, | |
| Defendant. | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by (i) Plaintiff, Rebecca Friske, on behalf of herself and the Settlement Class (defined below) and (ii) Defendant, Bonnier Corporation.  The Parties (defined below) intend this Agreement to fully and forever resolve and settle the Released Claims (defined below) in accord with the terms contained herein and subject to final court-ordered approval.

## **AGREEMENT**

1.  **DEFINITIONS**

1.1.   **"Action"** means *Friske v. Bonnier Corporation*, 16-cv-12799-DML-EAS (E.D. Mich.).

1.2.   **"Agreement"** shall refer to the full terms of and all documents incorporated by reference in this Class Action Settlement Agreement.

1

1.3.   **"Alternative Judgment"** means an order and final judgment in a form other than the Final Judgment.

1.4.   **"Approved Claim Form"** means a Claim Form that (i) is submitted by the Claims Deadline, (ii) is in accordance with the directions on the Claim Form and the provisions of the Agreement, (iii) is fully and truthfully completed by a Settlement Class Member with all of the information requested on the Claim Form, (iv) is electronically acknowledged by the Settlement Class Member, and (v) is approved by the Settlement Administrator pursuant to the terms of the Agreement.

1.5.   **"Bonnier"** means Bonnier Corporation.

1.6.   **"Bonnier Publication"** means any magazine published by Bonnier.

1.7.   **"Cash Distribution Amount"** means the final and equal division of the Settlement Fund by the total number of Settlement Class Members, after subtracting from the Settlement Fund: (i) Settlement Administration Expenses, (ii) the Fee Award, and (iii) the Incentive Award.

1.8.   **"Claims Deadline"** means the date by which all Claim Forms must electronically submitted to be considered timely, and shall be set no later than thirty (30) days after the Notice Date.

1.9.   **"Claim Form"** means a document substantially in the form attached hereto as Exhibit 3 and as approved by the Court.  The Claim Form shall be made

2

available electronically and shall be eligible for submission in electronic form as described below.

1.10.  **"Class Counsel"** means Gary Lynch and Bruce Carlson of Carlson Lynch Sweet Kilpela & Carpenter, LLP and Daniel Myers of the Law Offices of Daniel O. Myers.

1.11.  **"Class Representative"** means Rebecca Friske.

1.12.  **"Court"** means the United States District Court for the Eastern District of Michigan and, as the context requires, either the Honorable David M. Lawson, the Honorable Elizabeth A. Stafford or both.

1.13.  **"Class List"** means an electronic list that includes the names and last known U.S. Mail addresses, to the extent reasonably available to Bonnier, of the persons within the Settlement Class.

1.14.  **"Defendant"** means Bonnier Corporation.

1.15.  **"Defendant's Counsel"** means Daniel Stabile and Frank Zacherl of Shutts & Bowen LLP.

1.16.  **"Effective Date"** means the date ten (10) days after which all of the events and conditions specific in Paragraph 9.1 have been met and have occurred.

1.17. **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses and costs awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

1.18. **"Final"** means one (1) business day following the latest in time of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

1.19. **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Agreement, and Class Counsel will request approval of the Fee Award and Incentive Award.

1.20. **"Final Judgment"** means the final judgment and order to be entered by the Court approving the Agreement after the Final Approval Hearing.

4

1.21.  **"Free Subscription"** means a free, one-year subscription to a Bonnier Publication of a Settlement Class Member's choice that is published by Bonnier on the date of the Settlement Class Member's selection and that is anticipated by Bonnier to be published by Bonnier for at least 12 months.

1.22.  **"Incentive Award"** means the amount awarded to Rebecca Friske by the Court and paid out of the Settlement Fund, in addition to any Cash Distribution Amount or Free Subscription, in recognition of her efforts on behalf of the Settlement Class.

1.23.  **"Notice"** means notice of this Agreement and the Final Approval Hearing related to this Agreement.  Notice shall be sent to the Settlement Class Members as described herein and in the form of Exhibits 1 and 2 attached hereto.

1.24.  **"Notice Date"** means the date by which the Notice set forth in Paragraph 4 is complete, which shall be no later than thirty (30) days after Preliminary Approval.

1.25.  **"Opt-Out/Objections Deadline"** means the date by which an opt out request or objection to the Agreement must be made, which shall be no later than thirty (30) days after the Notice Date or such other date as ordered by the Court.

1.26.  **"Named Plaintiff"** means Rebecca Friske.

1.27.  **"Parties"** means (i) Plaintiff, Rebecca Friske, on behalf of herself and the Settlement Class and (ii) Defendant, Bonnier Corporation.

1.28. **"Plaintiffs"** means Rebecca Friske and the Settlement Class Members.

1.29. **"Preliminary Approval"** means the Court's preliminary approval of the Agreement, and preliminary approval of the form and dissemination of Notice.

1.30. **"Preliminary Approval Order"** means the order preliminarily approving the Agreement, and preliminarily approving the form and dissemination of Notice.

1.31. **"Released Claims"** means all claims under the VRPA (or similar causes of action) that have been or could have been brought from the beginning of time through the date of Preliminary Approval of the Agreement.

1.32. **"Released Parties"** means Bonnier and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.33. **"Releasing Parties"** means Plaintiff, Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective present or

past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.34. **"Settlement Administration Expenses"** means the fees and expenses charged by the Settlement Administrator to provide Notice, receive, process and review claims, respond to inquiries, and provide related services in connection with this Agreement.  The Settlement Administration Expenses shall be paid from the Settlement Fund.

1.35. **"Settlement Administrator"** means Angeion Group, or such other reputable administration company that has been suggested by the Parties and appointed by the Court.

1.36. **"Settlement Class"** means all Michigan residents who received one or more subscriptions to a magazine published by Bonnier between July 28, 2010 and the date of Preliminary Approval of the Agreement, and who did not purchase such subscriptions through a Third-Party Subscription Agent.  Excluded from the Settlement Class are (i) any Judge or Magistrate presiding over the Action and

members of their families, and (ii) Bonnier, its subsidiaries, parent companies, successors, predecessors, and any entity in which Bonnier or its parent companies have controlling interests, along with their current or former officers, directors, agents, attorneys, and employees.

1.37. **"Settlement Class Members"** means a person who falls within the definition of the Settlement Class.

1.38. **"Settlement Fund"** means Three Million Dollars ($3,000,000.00), the total amount that Bonnier has agreed to make available to settle this case. Bonnier is not required to place all or any portion of the Settlement Fund into a separate bank account.  In no event shall Defendant's total monetary obligation with respect to the Agreement exceed Three Million Dollars ($3,000,000.00).

1.39. **"Settlement Website"** means the website created and maintained by the Settlement Administrator in connection with this Agreement for the purpose of notifying Settlement Class Members of this Agreement and accepting claims related to this Agreement.

1.40. **"Third-Party Subscription Agent"** means an entity that sells Bonnier-published magazines to subscribers and then remits nothing or some amount of the proceeds from the sale to Bonnier.

2.     **SETTLEMENT RELIEF**

2.1.   **Cash and Subscription Relief**

2.1.1. Settlement Class Members shall have until the Claims Deadline to submit a Claim Form and choose either a Free Subscription or a Cash Distribution Amount.  Each Settlement Class Member that submits an Approved Claim Form shall be entitled to the form of relief noted on the Approved Claim Form submitted by the Settlement Class Member.  Within sixty (60) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay from the Settlement Fund all Cash Distribution Amounts claimed by way of Approved Claim Forms, and shall remit to Bonnier a complete list of all Settlement Class Members who claimed a Free Subscription by way of Approved Claim Forms.

2.1.2. In the event any Settlement Class Member fails to submit an Approved Claim Form, he or she will automatically receive a Free Subscription. Within sixty (60) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall remit to Bonnier a complete list of all Settlement Class Members who did not submit an Approved Claim Form.  Within (30) days after Bonnier receives the list of all Settlement Class Members who did not submit an Approved Claim Form, Bonnier shall send such Settlement Class Members a voucher or purchase code for a Free Subscription.

2.1.3. Bonnier shall receive a credit against the Settlement Fund equal to the Cash Distribution Amount for each Free Subscription claimed or automatically received by the Settlement Class Members.  The total amount of such credits will be paid to Bonnier by the Settlement Administrator from the Settlement Fund within sixty (60) days after the Effective Date.

2.2.   **Prospective Relief**

2.2.1. Bonnier agrees to retain its disclosure language contained in all Bonnier Publications and to undertake commercially reasonable measures to honor the request of any individual who submits a request to opt out of the subscriber list(s) occasionally made available to third parties.

2.2.2. Bonnier will include disclosure language in informational materials, electronic or otherwise, used to establish a new magazine subscription so that consumers receive the disclosure before subscribing to any Bonnier Publication.

3.   **RELEASE**

3.1.   The obligations incurred pursuant to this Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

3.2.    Upon the Effective Date, the Releasing Parties shall be deemed to have fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties.

4.      **NOTICE TO THE CLASS, OPTING OUT AND OBJECTIONS**

4.1.    The Notice shall be distributed to the Settlement Class Members as follows:

4.1.1. Within fourteen (14) business days of the execution of the Agreement, Bonnier shall produce from its records the Class List.  Bonnier shall produce the Class List to the Settlement Administrator and a copy to Class Counsel.  It is Bonnier's obligation to produce the Class List to the Settlement Administrator.

4.1.2. Within (30) business days of Preliminary Approval, the Settlement Administrator shall send Notice via direct mail in the form attached as Exhibit 1 to all Settlement Class Members.

4.1.3. No later than fourteen (14) business days after Preliminary Approval, Notice shall be provided on the Settlement Website.  The Notice provided on the Settlement Website shall be in the form attached as Exhibit 2.  The Settlement Website shall allow Settlement Class Members to submit a Claim Form and shall provide Settlement Class Members access to settlement-related documents.

4.1.4. Pursuant to 28 U.S.C. § 1715, no later than ten (10) days after the Agreement is filed with the Court, Defendant's Counsel shall cause to be served upon the Attorney General of Michigan, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

4.2.   Notice shall advise the Settlement Class Members of their right to opt out of or object to the Agreement and the process by which Settlement Class Members can opt out of or object to the Agreement.

4.3.   The process by which Settlement Class Members can opt-out and the effect of opting-out:

4.3.1. Any Settlement Class Member who intends to opt out of the Agreement may do so by sending an individual written request postmarked on or before the Opt-Out/Objection Deadline approved by the Court and specified by the Notice.  "Mass" and "class" opt-outs shall not be allowed.

4.3.2. The written request must be sent to the Settlement Administrator at the address designated in the Notice.

4.3.3. The written request must provide the name and address of the person opting-out of the Agreement, the name of the Bonnier Publication to which he or she subscribes, his or her signature, the name and number of the Action, and

a statement that he or she wishes to be excluded from the Settlement Class for purposes of the Agreement.

4.3.4. If a written opt out request does not include the information required herein, or if the request is not sent in the time provided for herein, the person serving such a request shall be a member of Settlement Class and shall be bound by this Agreement.

4.3.5. Any Settlement Class Member who validly opts out of the Agreement shall not (1) be bound by the Agreement, (2) be bound by any orders of the Court, (3) gain any rights or obligations under the Agreement, or (4) be entitled to object to the Agreement.

4.4.   Any Settlement Class Member that does not opt out of the Agreement in accordance with the terms described herein, will be bound by all of the terms of the Agreement, including the Release provided by the Agreement, and such persons will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

4.5.   The process by which Settlement Class Members can object to the Agreement and the effect of objecting:

4.5.1. Any Settlement Class Member who intends to object to the Agreement must do so in writing.

13

4.5.2. The objection shall be considered by the Court at the Final Approval Hearing so long as the person making the objection files notice of intent to do so no later than the Opt-Out/Objection Deadline and the objector files his or her notice of objection and all supporting papers with the Clerk of the Court and sends such notice and supporting papers, by mail, hand or overnight delivery to Class Counsel and Defendant's Counsel.

4.5.3. The notice of objection and supporting papers must be signed by the objector and must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member, including the Bonnier publication(s) to which he or she subscribes; (3) all grounds for objection, including citation to all legal authority and factual evidence supporting objection; (4) name and contact information of any and all attorneys representing, advising, or assisting the objector in any way with respect to the objector's objection to the Agreement; and (5) whether the objector intends to appear at the Final Approval Hearing, either personally or through representation. The writing also must include a statement identifying each case, by full case caption, where an objector or the attorney representing the objector, has objected to any class settlement and asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without modification to the class settlement.

5.    **SETTLEMENT ADMINISTRATION**

5.1.   The Settlement Administrator shall provide Notice to the Settlement Class Members as described in Section 4, and create and administer the Settlement Website.

5.2.   The Settlement Administrator shall receive and review Claim Forms submitted electronically. The Settlement Administrator shall also receive and review opt out requests and all other forms and requests, and promptly provide to Class Counsel and Defendant's Counsel copies of such forms and requests.

5.3.   The Settlement Administrator shall provide weekly reports to Class Counsel and Defendant's Counsel regarding the number of Claim Forms received, the type of relief Settlement Class Members have chosen, and the number of Approved Claim Forms.

5.4.   The Settlement Administrator shall keep reasonably detailed records of its activities associated with the Agreement and shall maintain all such records as required by applicable law and in accordance with reasonable business practices.   Such records shall be available to Class Counsel and Defendant's Counsel upon request, and shall be provided to the Court if so required.

5.5.   The Settlement Administrator shall provide Class Counsel and Defendant's Counsel information concerning Notice, and administration and information of the Settlement Agreement.

15

5.6.    The Settlement Administrator shall determine whether any Claim Form submitted is an Approved Claim Form and shall reject any Claim Form that fails to (i) comply with the instructions on the Claim Form or terms of the Agreement, or (ii) provide full and complete information as requested on the Claim Form.  The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

5.7.    Class Counsel and Defendant's Counsel shall have the right to challenge any acceptance or denial of a Claim Form.   The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed Claim Form. In the event that Class Counsel and Defendant's Counsel cannot agree regarding a disputed Claim Form, the Parties may submit the issue to mediation before Jed Melnick of JAMS.

6.    **RIGHT TO RESCIND**

6.1.    Either Party shall have the right, but not the obligation, to rescind the Agreement in the event more than 20% of the Settlement Class Members submit an Approved Claim Form electing for Cash Distribution Amounts.   The right of recession must be elected within ten (10) business days of this event and must be accomplished through written notice.

6.2.    If Plaintiff avails herself of the right to rescind, Settlement Administration Expenses shall be borne equally by the parties.

7.   **CERTIFICATION OF THE SETTLEMENT CLASS AND PRELIMINARY AND FINAL APPROVAL**

7.1.   On August 31, 2017, Plaintiff shall file her motion and accompanying memorandum to certify the Settlement Class (and appoint Plaintiff's Counsel as Class Counsel) for purposes of this Agreement and preliminary and final approval.

7.2.   Should the Court grant Plaintiff's motion to certify the Settlement Class, the Parties shall submit the Agreement, together with its Exhibits, to the Court and shall move the Court for (i) Preliminary Approval of the Agreement and the settlement set forth herein, (ii) appointment of the Class Representative, and (iii) entry of a Preliminary Approval Order, which shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination in the form of Exhibits 1 through 3.  The Preliminary Approval Order also shall authorize the Parties to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its supporting documents so long as those amendments, modifications and expansions are materially consisted with the terms of the Final Judgment and do not limit or impair the rights of the Settlement Class Members.

7.3.   After Notice is disseminated, the Parties shall request from the Court entry of Final Judgment, which will, among other things:

7.3.1. find the Court has personal jurisdiction over all Settlement Class Members and the Court has subject matter jurisdiction to approve the Agreement and all incorporated documents;

7.3.2. approve the Agreement and the settlement terms proposed therein as fair, reasonable, adequate and in the best interests of the Settlement class members;

7.3.3. direct the Parties to implement the Agreement according to its terms;

7.3.4. declare the Agreement binding on Plaintiffs and the Releasing Parties;

7.3.5. find Notice implemented under the Agreement is the best practicable notice under the circumstances and meets all applicable requirements of the Federal Rules of Civil Procedure, the rules of the Court, and the Constitution of the United States;

7.3.6. find Class Representative and Class Counsel adequately represented the Settlement Class;

7.3.7. dismiss the Action on the merits and with prejudice;

7.3.8. incorporate the Release contained herein, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

7.3.9.  retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Agreement and Final Judgment; and

7.3.10.   incorporate any other provisions the Court deems necessary and just.

8.   **ATTORNEY'S FEES AND INCENTIVE AWARD**

8.1.   Class Counsel shall request (and Bonnier agrees not to oppose) that the Court approve a Fee Award not to exceed 30% of the Settlement Fund, which shall include all attorneys' fees and reimbursement of costs and expenses associated with the Action.

8.2.   Class Counsel shall be paid the Fee Award by the Settlement Administrator from the Settlement Fund no later than five (5) business days after the Effective Date. The Fee Award shall be paid via wire transfer to an account designated by Class Counsel.

8.3.   Bonnier agrees not to oppose a request by Class Counsel that the Court award the Class Representative from the Settlement Fund an Incentive Award of five thousand dollars ($5,000.00).

8.4.   The Incentive Award shall be paid by the Settlement Administrator from the Settlement Fund no later than five (5) business days after the Effective Date.

9.      **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

9.1.    The Effective Date of the Agreement is the date on which the last of the following events occur in time:

9.1.1. The Parties, Class Counsel and Defendant's Counsel execute the Agreement;

9.1.2. The Court's grant's Plaintiff's Motion to Certify the Settlement Class;

9.1.3. The Court enters the Preliminary Approval Order;

9.1.4. The Court enters Final Judgment, following the Notice to the Settlement Class Members and the Final Approval Hearing; and

9.1.5. The Final Judgment has become Final, or in the event the Court enters an Alternative Judgment to which the Parties consent, the Alternative Judgment becomes Final.

9.2.    If some or all of the conditions specified above are not met, then this Agreement shall be canceled and terminated unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with the Agreement.

9.3.    Any Party may terminate the Agreement on notice to all Parties in the event that another Party is in material breach of the terms of the Agreement.

10.    **MISCELLANEOUS PROVISIONS**

10.1.  The headings used herein are used only for convenience and are not meant to have legal effect.

10.2.  The waiver by one Party of any breach of the Agreement by another Party shall not be deemed as waiver of any prior or subsequent breaches of the Agreement.

10.3.  All of the Exhibits to the Agreement are material and integral parts of the Agreement and are fully incorporated by reference.

10.4.  The Agreement, along with the Exhibits, are the entire agreement and understanding of the Parties regarding the subject matter of the Agreement, and supersede all prior negotiations, agreements, arrangements or undertakings regarding the subject matter of the Agreement.  No representations, warranties or inducements have been made to any Party concerning the Agreement other than the representations, warranties and covenants contained and memorialized herein. The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors.

10.5.  Except as otherwise provided herein, each Party shall bear its own costs.

10.6.  Each counsel or other persons executing the Agreement on behalf of any Party, hereby warrants and represents that such counsel or other persons have

21

full authority to do so and have the authority to take appropriate action required or permitted to be taken pursuant to the Agreement and effectuate its terms.

10.7.  The Agreement may be executed in one or more counterparts. Signature by digital means, facsimile or in PDF format will constitute sufficient execution of the Agreement.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.8.  The Court shall retain jurisdiction with respect to the implementation and enforcement of the Agreement and its terms, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Agreement and its terms.

10.9.  The Parties have relied upon the advice and representation of their counsel concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above

10.10. The Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations amount the respective Parties. Because all Parties have contributed substantially and materially to the preparation of the Agreement, it shall not be construed more strictly against one Party than another.

10.11. The contractual terms of this Agreement shall be interpreted in accordance with the substantive law of the State of Florida, without regard to its conflict of laws and/or choice of law provisions.

10.12. Plaintiff and her counsel agree that they will not issue any press release concerning this case that is disparaging to Bonnier. Notwithstanding this paragraph, Plaintiff's counsel is permitted to note on its public-facing website and in future court submissions that this action has been settled and this action is an example of a class action that has been certified and/or settled.

10.13. Where the Agreement requires notice to the Parties such notice shall be sent to Carlson Lynch Sweet Kilpela & Carpenter, LLP, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222, and Shutts & Bowen LLP, 200 South Biscayne Boulevard, Suite 4100, Miami, FL 33131.

[Only a Signature Page and Exhibits Follow]

The undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

**REBECCA FRISKE**

By: _Rebecca Friske_

Printed Name: _Rebecca Friske_


Date: _8 - 31 - 17_

**BONNIER CORPORATION**

By: _____

Printed Name: _____

Its: _____

Date: _____


**COUNSEL FOR REBECCA FRISKE**

By: _____

Printed Name: _____

Its: _____

Date: _____

**COUNSEL FOR BONNIER**

By: _____

Printed Name: _____

Its: _____

Date: _____


ORLDOCS 15622714 1

24

The undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

REBECCA FRISKE

By: _____

Printed Name: _____

Date: _____

BONNIER CORPORATION

By: _____

Printed Name: _Jeremy Thompson_

Its: _General Counsel_

Date: _8-31-17_

COUNSEL FOR REBECCA FRISKE

By: _____

Printed Name: _DANIEL MYERS_

Its: _HER ATTORNEY/ATTORNEY FOR CLASS_

Date: _8/31/2017_

COUNSEL FOR BONNIER

By: _David T. Stabile_

Printed Name: _Daniel T. Stabile_

Its: _Outside Counsel_

Date: _8.31.17_

ORLDOCS 15622714 1

24

# **EXHIBIT 1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**IF YOU SUBSCRIBED TO ANY MAGAZINE PUBLISHED BY BONNIER AT ANY TIME FROM JULY 28, 2010 UNTIL [DATE OF PRELIMINARY APPROVAL] YOU MAY BE ELIGIBLE TO CLAIM A MONETARY PAYMENT OR A FREE MAGAZINE SUBSCRIPTION FROM A CLASS ACTION SETTLEMENT (THE "SETTLEMENT").**

*A federal court authorized this notice.  You are not being sued.*
*This is not a solicitation from an attorney.*

- A settlement has been reached in a class action lawsuit filed against the magazine publisher Bonnier Corporation ("Bonnier") based upon Bonnier's alleged disclosure of subscriber information to third-parties in violation of Michigan law.

- You may be eligible to participate in the Settlement if you were a Michigan resident who received a subscription to [LIST OF MAGAZINES] between July 28, 2010 and [DATE OF PRELIMINARY APPROVAL], if your subscription was purchased directly from Bonnier.

- If you are eligible and choose to participate in the Settlement, you can submit a claim form and select either: (1) a one-time monetary payment of approximately $16, or (2) a free, one-year subscription to a Bonnier magazine.  If you are eligible to participate but do not submit a claim form and make a selection, you will automatically receive a voucher or purchase code for a free, one-year subscription to any Bonnier magazine.

- YOUR LEGAL RIGHTS WILL BE AFFECTED WHETHER OR NOT YOU ACT. PLEASE READ THIS NOTICE CAREFULLY.

| Summary of Your Options and Legal Rights in this Settlement | |
|---|---|
| Submit a Claim Form | You can choose to receive either: (1) a monetary payment of approximately $16, or (2) a free, one-year subscription to any Bonnier magazine. |
| Opt Out | You will receive nothing in the Settlement, but retain your right to sue Bonnier regarding your claims at issue in this case. |
| Object | You can write to the Court if you do not agree with the Settlement. |
| Go to a Hearing | You can ask to speak in Court about the fairness of the Settlement. |
| Do Nothing | You will receive a voucher or purchase code for a free, one-year subscription to a Bonnier magazine of your choosing, but give up your right to sue Bonnier regarding any claims included in the Settlement. |

- Your rights and options—and the deadlines to exercise them—are explained in this Notice

## NOTICE TABLE OF CONTENTS

GENERAL INFORMATION ......................................................................... 1

WHO IS INCLUDED IN THE SETTLEMENT ........................................... 2

THE SETTLEMENT BENEFITS ............................................................... 3

EXCLUDING YOURSELF FROM THE SETTLEMENT ........................... 4

THE ATTORNEYS REPRESENTING YOU ............................................. 5

OBJECTING TO THE SETTLEMENT ..................................................... 6

THE COURT'S FINAL APPROVAL HEARING ....................................... 8

IF YOU DO NOTHING ............................................................................. 10

GETTING MORE INFORMATION ......................................................... 11

## GENERAL INFORMATION

**1.      Why is there a Notice?**

A federal court authorized this notice because you have a constitutional right to know about the proposed settlement of this class action lawsuit and all of your rights and options under the proposed settlement.  This notice explains this class action lawsuit, the Settlement, and your legal rights under and related to the Settlement.

**2.      What is the name of this lawsuit, who is the judge presiding over it, and who are the plaintiffs and defendants?**

This class action lawsuit is known as *Friske v. Bonnier Corporation*, 16-cv-12799-DML-EAS (E.D. Mich.).  The District Judge presiding over this case is the Honorable David M. Lawson, and the Magistrate Judge presiding over this case is the Honorable Elizabeth A. Stafford.  The named plaintiff and class representative in this lawsuit is Rebecca Friske.  The defendant in this lawsuit is Bonnier Corporation.

**3.      What is this lawsuit about?**

This class action lawsuit alleges that Bonnier violated Michigan's Video Rental Privacy Act, M.C.L. § 445.1712 ("VRPA") by disclosing subscriber information related to customers' magazine subscriptions to third-parties without permission.  Bonnier maintains it did not violate the VRPA.

**4.      What is a class action?**

A class action is a lawsuit where one or more people, called the named plaintiff(s) or class representative(s) (here, Rebecca Friske), sue on behalf of all people who have similar claims and have been allegedly harmed by similar conduct.  Once a class is certified, all people who have similar claims to the class representative(s) are members of the class and are bound by any settlement or judgment in the case, except for those class members who exclude themselves by opting-out.

**5.      Why is there a Settlement?**

Both the named plaintiff/class representative, Rebecca Friske, and the defendant, Bonnier, agreed to settle this case.  The Court has not decided the case in favor of either side.  By agreeing to the Settlement, the costs, time and uncertainty associated with trial have been avoided and the Class Members will receive the benefits described herein.  The named plaintiff and her attorneys believe the Settlement is in the best interests of all affected.

## WHO IS INCLUDED IN THE SETTLEMENT

**1.      Who is included in the Settlement?**

Only Class Members are included in the Settlement.

**2.      Who is a Class Member?**

A Class Member is defined as any Michigan resident who, at any time from July 28, 2010 through [DATE OF PRELIMINARY APPROVAL], received one or more subscriptions to any Bonnier publication and who did not purchase such subscription(s) through a third-party subscription agent.

A third-party subscription agent means an entity other than Bonnier that sells Bonnier-published magazines to subscribers and then remits nothing or some of the proceeds from sale to Bonnier.

Furthermore, Bonnier publications include: [INSERT LIST OF PUBLICATIONS].

## THE SETTLEMENT BENEFITS

**1.      What does the Settlement provide?**

Class Members can submit a claim form and choose to receive either: (1) a monetary payment of approximately $16, or (2) a free, one-year subscription to any Bonnier magazine.  If Class Members do not submit a claim form and make a selection, they will receive a voucher or purchase code for a free, one-year subscription to a Bonnier magazine.

The Settlement also provides for certain privacy protections.  Bonnier will maintain opt-out notices on its magazines so that subscribers are aware that they can choose to opt-out of personal information disclosures before or after they subscribe to Bonnier publications.

**2.      What will the amount of the monetary payment be?**

The exact amount of the monetary payment option available to each Class Member is unknown at this time.  Bonnier has established a settlement fund totaling $3,000,000.00. Portions of the settlement fund will be used to pay for: (1) this Notice to Class Members, (2) the costs to administer the Settlement, (3) Class Counsel's attorneys' fees and costs, and (4) an incentive award to the named plaintiff/class representative.  After those costs have been deducted from the settlement fund, the remaining balance will be divided by the total number of Class Members to establish the exact monetary payment available to each Class Member.  Based on previous experience, Class Counsel believes the monetary payment option will be approximately $16.

**3.      How do I get my monetary payment or my free subscription?**

To receive your monetary payment or free subscription, you must submit a complete Claim Form through [WEBSITE] by [CLAIMS DEADLINE].  The Claim Form must have all requested information completed accurately, and you must elect to receive either a monetary payment of approximately $16, or a free, one-year subscription to any Bonnier magazine.  If you do not timely submit a completed claim form, you will automatically receive a voucher or purchase code for a free, one-year subscription to any Bonnier magazine.

**4.      When will I get my monetary payment or my free subscription?**

If you choose to receive the monetary payment, you will receive your payment approximately sixty (60) days after the Settlement is finally approved by the Court and any appeal affirming the Settlement has concluded.  If you choose to receive a free subscription, your choice will be sent to Bonnier (60) days after the Settlement is finally approved by the Court and any appeal affirming the Settlement has concluded.  If you do not submit a claim form, your name will be sent to Bonnier (60) days after the Settlement is finally approved by the Court and any appeal affirming the Settlement has concluded.  Bonnier will then send you a voucher or purchase code thirty (30) days thereafter.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

1.      **What is the purpose of excluding yourself from the Settlement or Opting-out?**

        If you do not want to receive benefits from the Settlement, but instead want to protect your right to sue or to continue to sue Bonnier individually, then you must take steps to exclude yourself from of the Settlement by opting-out.

2.      **How do I exclude myself from or "opt-out" of the Settlement?**

        To exclude yourself from or "opt-out" of the Settlement you must send a letter that includes the following information:

        a.      Your name and address;
        b.      The name of the Bonnier publication to which you subscribe or subscribed;
        c.      A statement that you wish to be excluded from or "opt-out" of the Settlement of this case, the name of which is *Friske v. Bonnier Corporation*, 16-cv-12799-DML-EAS (E.D. Mich.); and
        d.      Your signature.

        You must mail the letter, postmarked no later than [OPT-OUT/OBJECTION DEADLINE] to:

                        ADDRESS WHERE OPT-OUTS MUST BE MAILED

3.      **What happens if I exclude myself from or "opt-out" of the Settlement?**

        You will not receive anything from the Settlement and will have no rights or obligations under the Settlement Agreement.  You also will be able to bring suit against Bonnier should you so choose.

4.      **What happens if I do not exclude myself from or "opt-out" of the Settlement?**

        You will receive a voucher or purchase code for a free, one-year subscription to a Bonnier magazine, and you will be bound by the terms of the Settlement Agreement.  Most importantly, you will release any claims regarding the legal issues covered by the Settlement (defined as the "Released Claims" in the Settlement Agreement).  The Settlement Agreement is available at: [WEBSITE].  This means that you will give up your right to sue Bonnier for any claims the Settlement resolves.  If you wish to pursue your own lawsuit against Bonnier for any of these claims, you must exclude yourself from the Settlement by opting-out.

4

## THE ATTORNEYS REPRESENTING YOU

**1.     Do I have an attorney in this case?**

The Court has appointed the following lawyers ("Class Counsel") to represent you and others in the Class:

Gary Lynch
**Carlson Lynch Sweet Kilpela & Carpenter, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
glynch@carlsonlynch.com
bcarlson@carlsonlynch.com

Daniel Myers
**Law Offices of Daniel O. Myers**
818 Red Drive, Suite 210
Traverse City, MI 49684
dmyers@domlawoffice.com

If you want to be represented by another lawyer, you may hire an attorney at your own expense.

**2.     How is Class Counsel paid?**

You will not be charged for Class Counsel representing you.  Class Counsel intends to request up to 30% of the $3,000,000 settlement fund for attorneys' fees and costs in prosecuting this case.  The fees and expenses are awarded by the Court, and the Court will determine the amount of fees and expenses to award.  Class Counsel also will request up to $5,000 as an incentive award to Rebecca Friske for her efforts in serving as the named plaintiff/class representative in this action.  Any payment of attorneys' fees and costs and the incentive award must be approved by the Court and will be deducted from the $3,000,000 settlement fund.

## OBJECTING TO THE SETTLEMENT

**1.      What is the purpose of objecting to the Settlement?**

If you do not agree with or like the Settlement, you can tell the Court about your disagreement or dissatisfaction by objecting.

**2.      How do I object to the Settlement?**

If you are included in the Settlement, you can object to any part of the Settlement, the Settlement as a whole, Class Counsel's request for fees and expenses, and/or Class Counsel's request for an incentive award to the named plaintiff/class representative.

To object you must submit a letter that includes the following:

a.      The name of the case, which is *Friske v. Bonnier Corporation*, 16-cv-12799-DML-EAS (E.D. Mich.);

b.      your name and address;

c.      an explanation of the basis upon which you claim to be a Class Member or included in the Settlement, including the Bonnier publication(s) to which you subscribe;

d.      all grounds for objection, including citation to all legal authority and factual evidence supporting objection;

e.      name and contact information of any and all attorneys representing, advising, or assisting you in any way with respect to your objection;

f.      whether you intend to appear at the Final Approval Hearing, either personally or through representation; and

g.      a statement identifying each case, by full case caption, where you or the attorney representing you has objected to any class settlement and asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without modification to the class settlement.

You must file and serve your objection, no later than [OPT-OUT/OBJECTION DEADLINE].  The objection must be filed with the Court at:

Theodore Levin U.S. Courthouse
231 W. Lafayette Boulevard, Room 718
Detroit, MI 448226

The objection also must be served on the following parties:

| | |
|---|---|
| Gary F. Lynch | Daniel Tramel Stabile |
| CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP | SHUTTS & BOWEN LLP |
| 1133 Penn Avenue, 5th Floor | 200 S. Biscayne Blvd. |
| Pittsburgh, PA 15222 | Suite 4100 |
| | Miami, Florida 33131 |

6

**3.      The difference between objecting and excluding yourself by opting-out?**

Objecting is telling the Court you do not like something about the Settlement.  You can object to the Settlement only if you do not exclude yourself by opting-out of the Settlement.  Excluding yourself from or "opting-out" of the Settlement is telling the Court you do not want to be part of the Settlement.  If you exclude yourself or "opt-out" from the Settlement, you have no basis to object to the Settlement because it no longer affects you.

## THE FINAL APPROVAL HEARING

**1.      What is the Final Approval Hearing?**

The Final Approval Hearing is a hearing held by the Court.  At the hearing, the Court will consider whether the Settlement is fair, reasonable and adequate, and whether or not to approve the Settlement. The Court will also consider any request for attorneys' fees and expenses and the request for an incentive award to the named plaintiff/class representative.  You may attend and ask to speak, but are not required to do so.  After the hearing, the Court will decide whether to approve the Settlement.  Class Counsel does not know how long the Court's decision will take.

**2.      When and where will the Court hold the Final Approval Hearing?**

The Final Approval Hearing will be held at [TIME] on [DATE], at [LOCATION].  The hearing may be moved to a different date or time without additional notice, so you should check [WEBSITE] regularly for updates.

**3.      Do I have to come to the Final Approval Hearing?**

You are not required to attend the hearing.  Class Counsel will answer any questions the Court may have.  You may come to the hearing at your own expense.  If you send an objection, you do not have to come to the Court to speak or testify about your objection.  So long as you submitted your objection on time, to the proper addresses, and with all the required information set forth above, the Court will consider it.  You may also pay your own lawyer to attend the hearing, but you are not required to do so.

**4.      May I speak at the Final Approval Hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must send a letter stating that you intend to appear and wish to be heard.  Your Notice of Intention to Appear must include the following:

- You name and address;
- A statement that this is your "Notice of Intention to Appear" at the Final Fairness Hearing for the Bonnier Settlement in *Friske v. Bonnier Corporation*, 16-cv-12799-DML-EAS (E.D. Mich.);
- The reasons for which you seek to be heard;
- Copies of any papers, exhibits, or other evidence or information you will present at the Final Approval Hearing or that has been presented to the Court; and
- Your signature.

You must file and serve your Notice of Intention to Appear no later than [OPT-OUT/OBJECTION DEADLINE].  The Notice must be filed with the Court at:

Theodore Levin U.S. Courthouse
231 W. Lafayette Boulevard, Room 718

Detroit, MI 448226

The Notice also must be served on the following parties:

Gary F. Lynch
CARLSON LYNCH SWEET KILPELA &
CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

Daniel Tramel Stabile
SHUTTS & BOWEN LLP
200 S. Biscayne Blvd.
Suite 4100
Miami, Florida 33131

## IF YOU DO NOTHING

**1.      What happens if I do nothing?**

If you do nothing, you will receive a voucher or purchase code for a free, one-year subscription to any Bonnier magazine, and you will give up your right to bring your own separate lawsuit against Bonnier for the claims at issue in this case.  Unless you exclude yourself by opting-out, you will not be able to file a lawsuit, continue a currently pending lawsuit, or be part of any other lawsuit against Bonnier for the claims at issue in this case.

## GETTING MORE INFORMATION

**1.   How do I get more information?**

This Notice summarizes the proposed Settlement.   More details can be found in the Settlement Agreement.   You can obtain a copy of the Settlement Agreement at [WEBSITE]. You also may write questions to [ADDRESS] or call the toll-free number, 1-8XX-XXX-XXXX. Do not contact the Court directly for information.

# **EXHIBIT 2**

Notice of Class Action

*Friske v. Bonnier Corporation*, No. 16-cv-12799-DML-EAS (E.D. Mich)

A class action lawsuit was filed against Bonnier Corporation based on the disclosure of certain subscriber information to third-parties. This lawsuit is pending in the U.S. District Court for the Eastern District of Michigan. A settlement has been reached between the parties.

**Are you included in the class?** You are a member of the class if you were a Michigan resident who received a subscription to a magazine published by Bonnier between June 28, 2010 and [DATE OF PRELIMINARY APPROVAL], provided that your subscription was purchased directly from Bonnier.

**What is this lawsuit about?** This class action lawsuit alleges that Bonnier violated Michigan's Video Rental Privacy Act, M.C.L. § 445.1712 (the "VRPA"), by disclosing subscriber information related to customers' magazines subscriptions to third-parties without permission. Bonnier maintains that it did not violate the VRPA.

**Who represents you?** Gary Lynch and Bruce Carlson of Carlson Lynch Sweet Kilpela & Carpenter, LLP and Daniel Myers of Law Offices of Daniel O. Myers, who have been appointed by the Court. They will ask the Court for fees and costs, which will be awarded from the settlement fund. If you want to be represented by another lawyer, you may hire one at your own expense.

**What are your options?** If you do nothing, you are choosing to stay in the Settlement Class. You will be legally bound by all orders of the Court, and you won't be able to sue Bonnier for claims related to the claims made in this lawsuit. If you wish to make a claim, you may do so by visiting [WEBSITE], where you may electronically submit a Claim Form. If you are a member of the Settlement Class, you are eligible to receive: (i) a monetary payment of approximately $16 (the exact amount is unknown at this time), or (ii) a free, one-year subscription to a Bonnier magazine. To be excluded, you must opt-out of the Settlement by [OPT-OUT/OBJECTION DEADLINE]. Specific instructions about how to opt-out are available at [WEBSITE]. If you opt-out, you will not be bound by any of the Court's decisions and you will keep your right to sue Bonnier, but you will not receive the benefits of the settlement. If you disagree with or are dissatisfied with the settlement, you may object by filing and serving a written objection by [OPT-OUT/OBJECTION DEADLINE]. Specific instructions about how to object are available at [WEBSITE]. Please visit [WEBSITE] for additional information regarding the settlement.

# **EXHIBIT 3**

# <u>CLAIM FORM</u>

### PLEASE FILL OUT EACH SECTION OF THIS FORM

Name: _____   _____   _____
          First                              M.I.       Last

Street Address: _____

City: _____   State: _____   Zip: _____

Contact Phone #        (__ __ __)   __ __ __ - __ __ __ __

**<u>Relief You Would Like to Receive:</u>**

Please choose one of the following:

☐   I would like to receive a monetary payment of approximately $16.

☐   I would like to receive a free, one-year subscription.

If you chose to receive a free, one-year subscription, please choose a magazine from the list below:

[INSERT ALL BONNIER MAGAZINE PUBLICATIONS]

**<u>Class Member Verification:</u>**

☐   I am a resident of the State of Michigan and purchased a subscription to a Bonnier Publication between July 28, 2010 and [DATE OF PRELIMINARY APPROVAL]. Bonnier Publications include: [LIST ALL APPLICABLE BONNIER PUBLICATIONS].

☐   Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Type Name:  _____   Type Date:  __ __ / __ __ / __ __ __ __

Please re-type your name to
serve as an electronic signature.   Signature:  _____

Thank you for submitting your claim.  The Settlement Administrator will receive and review your Claim Form

1