## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| REBECCA FRISKE, individually and on behalf of all others similarly situated, | Case No. 16-cv-12799-DML-EAS |
| Plaintiff, | District Judge David M. Lawson |
| | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| BONNIER CORPORATION, a Delaware corporation, | |
| Defendant. | |

## PLAINTIFF'S UNOPPOSED MOTION TO CONDITIONALLY CERTIFY SETTLEMENT CLASS AND APPOINT CLASS COUNSEL

COMES NOW, Plaintiff Rebecca Friske, by and through her undersigned counsel, and hereby moves the Court for an Order conditionally certifying this action as a class action, for settlement purposes only, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure:

1.     Plaintiff seeks conditional certification of a settlement class defined as follows:  "all Michigan residents who subscribed to or received one or more subscriptions to a Bonnier publication between July 28, 2010 and the date of Preliminary Approval of the Settlement Agreement, and who did not purchase such subscription(s) through a Third-Party Subscription Agent."

1

2. Plaintiff respectfully requests that she be appointed class representative and that her counsel, Carlson Lynch, LLP and the Law Offices of Daniel O. Myers, be appointed as class counsel.

3. In support thereof, Plaintiff relies upon the Memorandum and Declaration filed contemporaneously herewith.

WHEREFORE, Plaintiff respectfully requests the Court GRANT her motion and enter her proposed order.

Dated: March 18, 2019            Respectfully,

*/s/ Gary F. Lynch*
Gary F. Lynch
Jamisen A. Etzel
CARLSON LYNCH, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15232
glynch@carlsonlynch.com
jetzel@carlsonlynch.com

Daniel Myers
THE LAW OFFICES OF
DANIEL O. MYERS
818 Red Drive, Suite 210
Traverse City, MI 49684
dmyers@domlawoffice.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

REBECCA FRISKE, individually and on behalf of all others similarly situated,

Case No. 16-cv-12799-DML-EAS

          Plaintiff,

District Judge David M. Lawson
Magistrate Judge Elizabeth A. Stafford

   v.

BONNIER CORPORATION, a Delaware corporation,

          Defendant.

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO CONDITIONALLY CERTIFY SETTLEMENT CLASS AND APPOINT CLASS COUNSEL

## STATEMENT OF ISSUES PRESENTED

1.    Does the proposed Class meet Rule 23's requirements for class certification?

**Answer: Yes.**

2.    Should Plaintiff's Counsel be appointed as Class Counsel?

**Answer: Yes.**

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

## *Cases*

*Coulter-Owens v. Time, Inc.*, 308 F.R.D. 524 (E.D. Mich. 2015)

*Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036 (2016)

*Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532 (6th Cir. 2012)

## *Statutes*

Michigan Video Rental Privacy Act, M.C.L. § 445.1711, *et seq.*

## *Rules*

Fed. R. Civ. P. 23

## I.      INTRODUCTION

Plaintiff, Rebecca Friske ("Plaintiff"), on behalf of herself and those similarly situated, has alleged that Defendant, Bonnier Corporation ("Defendant" or "Bonnier"), violated the Michigan Video Rental Privacy Act ("VRPA"), M.C.L. § 445.1711, *et seq.*, by disclosing her and other Michigan consumers' personal magazine subscriber information to third parties without their notice or consent.

To redress these violations, Plaintiff seeks certification of the following class:

All Michigan residents who subscribed to or received one or more subscriptions to a Bonnier publication between July 28, 2010 and the date of preliminary approval of the proposed settlement, and who did not purchase such subscriptions through a Third-Party Subscription Agent.

For the reasons explained below, Plaintiff respectfully requests the Court grant her motion to certify the settlement class, appoint her as Class Representative, and appoint her attorneys as Class Counsel.

## II.     BACKGROUND

### A.      Statement of Facts

Bonnier publishes magazines that are sold to consumers throughout the United States, including to Michigan residents. *See* Am. Compl., Dkt. No. 7 ¶¶ 2, 11 (filed Nov. 7, 2016) (hereinafter "Compl."). Plaintiff, a Michigan resident, subscribes to *Boating* magazine, which is published by Defendant. *Id.* at ¶¶ 11, 33-34. In connection with its role as a publisher, Defendant obtained Plaintiff's

personal information, including her name, address and subscription history.  *Id.* at

¶¶ 28-29.  Plaintiff alleges that Defendant then made this information available to

third parties without her consent.  *Id.* at ¶¶ 25-27, 30-32, 36-38.

Plaintiff has alleged that Defendant's conduct violates the VRPA.[1]  Compl.

¶¶ 49-57.  The VRPA forbids individuals "engaged in the business of selling at retail,

renting, or lending books or other written materials" from "disclos[ing] to any

person, other than the customer, a record or information concerning the purchase,

lease, rental, or borrowing of those materials by a customer that indicates the identity

of the customer."  *See* M.C.L. § 445.1712 (text of statute in effect before July 31,

2016).

The VRPA does, however, provide a safe-harbor that allows subscriber

information to be disclosed "[i]f the disclosure is for the exclusive purpose of

marketing goods and services directly to the consumer" and "[t]he person disclosing

the information … informed the customer by written notice that the customer may

remove his or her name at any time by written notice to the person disclosing the

information."  M.C.L. § 445.1713(d) (text of statute in effect before July 31, 2016).

But here, Plaintiff has alleged this safe-harbor is inapplicable because she never

consented to having her information disclosed, never received adequate notice of

---

[1] On July 31, 2016, after the filing of this lawsuit, several amendments to the VRPA took effect.

any disclosure, and Defendant's disclosures were not for the exclusive purpose of marketing goods and services directly to her. *See* Compl. ¶¶ 30-33, 54-55.

## B.     Procedural History

Plaintiff originally filed this action on July 29, 2016, and later filed an amended complaint on November 07, 2016. *See* Dkt. Nos. 1, 7. Bonnier filed a motion to dismiss on December 9, 2016, which the parties have fully briefed. *See* Dkt. Nos. 11, 12, 17 and 20. The Court entered a scheduling order on January 23, 2017, which set deadlines for discovery and class certification briefing. *See* Dkt. No. 19. Subsequently, Plaintiff served discovery on Bonnier, the parties began settlement talks, and ultimately agreed to mediate the case.

After a proposed settlement (the "Prior Settlement") was reached at mediation, Plaintiff moved for certification of a settlement class, which the Court granted on December 13, 2017. *See* Dkt. No. 30.  However, the Court ultimately denied preliminary approval of the Prior Settlement on July 26, 2018.  Dkt. No. 39. The Court held a status conference on October 22, 2018, and issued an amended scheduling order. *See* Dkt. No. 42.  Pursuant to that order, the parties continued to conduct discovery and Plaintiff moved to certify a litigation class on November 26, 2018. Dkt. No. 48. After Plaintiff moved for class certification, the parties agreed to hold a second mediation in January 2019. *See* Lynch Dec. ¶ 9.

The second mediation was conducted in Detroit by former Chief Judge Gerald E. Rosen, who asked that the parties exchange mediation briefs in preparation for the mediation.  Lynch Dec. ¶ 10.  After a full day of mediation, the parties agreed in principle to resolve this case on a classwide basis pursuant to the terms of Judge Rosen's Mediator's Proposal.  *Id.* at ¶ 10.  The parties thereafter conducted additional discovery to verify information regarding the size of the class, engaged in additional discussions with Judge Rosen, and memorialized the final terms and executed a formal agreement. *Id.* at ¶ 11. For the reasons stated below, Plaintiff respectfully requests the Court conditionally certify a Settlement Class in conjunction with Plaintiff's motion for preliminarily approval of the new settlement agreement and notice plan.

## III.   ARGUMENT

To be certified, a class must meet the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b).  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619-23 (1997).  Under Rule 23(a), the class must satisfy numerosity, commonality, typicality and adequacy. *See* Fed. R. Civ. P. 23(a)(1)-(4).  Under Rule 23(b)(3), the class must satisfy predominance and superiority.  *See* Fed. R. Civ. P. 23(b)(3).  As explained below, the Class satisfies each of the requirements of Rule 23(a) and (b)(3).

### A.    Numerosity is satisfied

To satisfy numerosity, the class must be "so numerous that joinder of all members is impracticable."  Rule 23(a)(1).  "While no strict numerical test exists, 'substantial' numbers of affected consumers are sufficient to satisfy this requirement." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 541 (6th Cir. 2012).

Here, the Settlement Class easily satisfies numerosity, a factor the Court previously found was satisfied. *See* Dkt. No. 30, at 2. According to Defendant's most recent analysis of its records, there are approximately 164,509 individuals who fit the proposed class definition. Lynch Decl. ¶ 14.  A class consisting of approximately 164,509 people is by all means "substantial" and so numerous that joinder of all members is impracticable.

### B.    Commonality is satisfied

To satisfy commonality, there must be "questions of law or fact common to the class."  Rule 23(a)(2).  "[A] common question is one where the same evidence will suffice for each member to make a prima facie showing or the issue is susceptible to generalized, class-wide proof." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016).  Only a "single common question" is required.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011).

Here, commonality is satisfied because the essential questions of law and fact at issue in this case are common to Plaintiff and the Class. Again, the Court

5

previously found this factor was satisfied because "the claims of the absent class members will be identical." Dkt. No. 30, at 2. The common legal questions include whether Defendant is "engaged in the business of selling at retail … books or other written materials," and whether Defendant disclosed "a record of information concerning the [Class Members'] purchase[s]" that "identifies the identity of the [Class Members]." *Coulter-Owens v. Time, Inc.*, 308 F.R.D. 524, 533 (E.D. Mich. 2015). The common factual questions include whether Defendant, as a matter of policy, disclosed the personal subscriber information of Plaintiff and the Class Members. *Id.*

To be sure, several defenses Bonnier has asserted also raise common issues. For example, the VRPA provides a safe-harbor from liability if Bonnier's disclosures were made for the exclusive purpose of marketing goods and services directly to consumers, and it provided written notice to the subscriber with an opportunity to opt-out. *See* M.C.L. § 445.1713(d) (text of statute in effect before July 31, 2016). Thus, whether Bonnier's disclosures were made for exclusive marketing purposes, and if so, whether it gave Class Members sufficient notice and a chance to opt out are common to Plaintiff and the Class. *Coulter-Owens*, 308 F.R.D. at 533. For these reasons, commonality is satisfied.

### C.    Typicality is satisfied

To satisfy typicality, "the claims or defenses of the representative parties" must be "typical of the claims or defenses of the class." Rule 23(a)(3). "[T]he representative's interests [must] be aligned with those of the represented group, and in pursing h[er] own claims, the named plaintiff [must] also advance the interests of the class members." *Young*, 693 F.3d at 542.

Typicality is satisfied here because Plaintiff has alleged that Bonnier discloses the personal subscriber information of all its subscribers as a matter of policy. Because Bonnier disclosed Class Members' information in the same way as Plaintiff's, the pursuit of Plaintiff's claims will necessarily advance the interests of the Class Members. Similarly, and as explained in the commonality section above, Plaintiff has alleged Bonnier's unauthorized disclosures were not made for the exclusive purpose of marketing goods and services directly to Plaintiff, and that notice was insufficient. Plaintiff's position on these issues is directly aligned with the interests of the Class. As a result, typicality is satisfied. *See, e.g.*, *Coulter-Owens*, 308 F.R.D. at 534-35. To be sure, the Court previously found this factor was satisfied because Plaintiff's claims are identical to those of the Class. *See* Dkt. No. 30, at 3.

### D.      Adequacy is satisfied

To satisfy adequacy, "the representative parties [must] fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  Two criteria are relevant to this inquiry: "(1) the representative must have common interests with unnamed members of the class; and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Young*, 693 F.3d at 543.  Courts also must "review[] the adequacy of class representation to determine whether class counsel are qualified, experienced and generally able to conduct the litigation." *Id.*

Here, Plaintiff and each Class Member are Michigan residents who subscribed to Bonnier publications, and each had their personal subscriber information disclosed without their consent.  Plaintiff and each Class Member have identical interests in recovering for these unlawful disclosures and ensuring that similar disclosures do not continue.  Accordingly, Plaintiff's interests are not antagonistic to the Class, and she can adequately represent their interests while seeking redress for herself.

Plaintiff has also demonstrated her willingness to devote time and energy to this action by working with counsel in investigating the claims and developing the complaint, conferring with counsel before, during, and after settlement negotiations, and preparing for and appearing at a deposition on November 19, 2018.

Plaintiff's Counsel have a wealth of experience litigating consumer class actions. Lynch Dec. ¶ 17; *see also* Dkt. Nos. 25-1, 25-2 (firm resumes). Plaintiff's Counsel have been involved in numerous consumer protection lawsuits throughout the country and have the skills and resources required to litigate these cases. Lynch Dec. ¶ 18; *see also* Dkt. Nos. 25-1, 25-2 (firm resumes). In this case, Plaintiff's Counsel has devoted substantial time and effort towards obtaining a strong outcome for the class, including taking two Rule 30(b)(6) depositions of Defendant, serving document requests and reviewing documents produced, and serving third party subpoenas and reviewing information provided by those third parties, and closely examining settlements reached in similar matters. Lynch Decl. ¶¶ 12–13, 16.

For these reasons, Plaintiff and her Counsel have demonstrated their commitment to advocating for the interests of each Class Member. As a result, adequacy is satisfied.

## E.    Predominance is satisfied

To satisfy predominance, "the questions of law or fact common to the [settlement] class members [must] predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "The predominance inquiry asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc.*, 136 S. Ct. at 1045. "When one or more of the central issues in the action

are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." *Id.*

Here, the common questions of law and fact discussed above predominate over any questions affecting only individual class members. Again, the common and central factual inquiry in this case is whether the personal subscriber information of Class Members was disclosed, whether those disclosures were made solely for direct marketing purposes, and whether Class Members received sufficient notice of the disclosures. These answers to these common issues drown-out any individualized inquiries. Likewise, the common legal questions at issue, *i.e.* whether Defendant sells magazines "at retail" and whether Defendant's disclosures identified Class Members for purposes of the VRPA, predominate over any individual legal issues.

Because these central questions of law and fact are susceptible to generalized class-wide proof, and because Defendant has engaged in a common course of conduct with respect to the Class as a whole, predominance is satisfied. *See, e.g.*, *Coutler-Owens*, 308 F.R.D. at 536. This accords with the Court's previous finding that predominance was satisfied. Dkt. No. 30, at 4.

### F.  Superiority is satisfied

To satisfy superiority, "a class action [must be] superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  "Use of the class method is warranted [where] … class members are not likely to file individual actions [and] the cost of litigation … dwarf[s] any potential recovery." *In re Whirlpool Corp. Front-Loading Washer Prods. Liability Litig.*, 722 F.3d 838, 861 (6th Cir. 2013).  "Cases alleging a single course of wrongful conduct are particularly well-suited to class certification."  *Young*, 693 F.3d at 545. Moreover, where few class members are likely to be aware of the allegedly harmful conduct, class litigation is warranted.  *Id.*  ("Given the unlikelihood that many [class members] will discover, let alone attempt to vindicate, their injury … the district court did not abuse its discretion in finding that class litigation was a superior method of adjudicating [the p]laintiffs' claims.").

Here, like in *Young*, Plaintiff has alleged a single course of conduct by Bonnier that has impacted Class Members in the exact same manner.  Furthermore, most Class Members likely do not even realize they have been injured, and almost certainly would find the cost of individual litigation much too high to justify seeking redress.  For all of these reasons, the class action mechanism is superior to any available alternative. *Accord* Dkt. No. 30, at 4.

11

## IV.  PLAINTIFF'S COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL.

Courts certifying a class for purposes of litigation or settlement "must appoint class counsel."  Fed. R. Civ. P. 23(g)(1).  In doing so, the Court must consider: (1) the work counsel has done in identifying or investigating the claims; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted; (3) counsel's knowledge of applicable law; and (4) the resources counsel will commit to representing the settlement class.  Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

As discussed in the adequacy section above, Plaintiff's Counsel have extensive experience litigating consumer class actions and have demonstrated their commitment to fully and fairly representing absent class members. They have done so by diligently prosecuting this case—including taking discovery and depositions from Defendant and serving three third party subpoenas—fully investigating the claims and defenses at issue, participating in multiple mediation and negotiation sessions, and closely examining the terms of settlements reached in similar actions. As such, the Court should appoint Carlson Lynch, LLP, and the Law Offices of Daniel O. Myers as Counsel for the Class.

## V.    CONCLUSION

For the reasons discussed herein, Plaintiff respectfully requests that the Court

(1) certify the proposed Class; (2) appoint Plaintiff as Class Representative; and (3)

appoint Plaintiff's Counsel as Class Counsel.

Dated: March 18, 2019                            Respectfully,

Gary F. Lynch
Jamisen A. Etzel
**CARLSON LYNCH, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15224
glynch@carlsonlynch.com
jetzel@carlsonlynch.com

Daniel Myers
**THE LAW OFFICES OF
DANIEL O. MYERS**
4020 Copper View Ste. 225
Traverse City, MI  49684
Phone: (231) 943-1135
Fax: (231) 368-6265
dmyers@domlawoffice.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2019, I electronically filed the foregoing document with the Clerk of Court using the Court's ECF filing system, which will send notification to the following:

Daniel T. Stabile
**Shutts & Bowen LLP**
200 South Biscayne Blvd., Suite 4100
Miami, FL 33131
Telephone: 305-415-9063
Facsimile: 305-347-7714
dstabile@shutts.com

John J. Gillooly
**Garan Lucow Miller P.C.**
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
Telephone: 313-446-5501
jgillooly@garanlucow.com

/s/ Gary F. Lynch
Gary F. Lynch