UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| REBECCA FRISKE, individually and on behalf of all others similarly situated, | Case No. 16-cv-12799-DML-EAS |
| Plaintiff, | District Judge David M. Lawson |
| v. | Magistrate Judge Elizabeth A. Stafford |
| BONNIER CORPORATION, a Delaware corporation, | |
| Defendant. | |

**DECLARATION OF GARY F. LYNCH IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTIONS FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND TO CERTIFY SETTLEMENT CLASS AND APPOINT SETTLEMENT CLASS COUNSEL**

I, Gary F. Lynch, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an adult over the age of 18, a resident of the Commonwealth of Pennsylvania, and a partner at Carlson Lynch, LLP.

2. I have personal knowledge of all matters asserted herein, and if called to testify, could do so competently.

3. This action was filed on July 29, 2016, *see* Dkt. No. 1, and an amended complaint was filed on November 07, 2016, *see* Dkt. No. 7.

4. Bonnier filed a motion to dismiss, *see* Dkt. No. 11, which the parties fully briefed, *see* Dkt. Nos. 12, 17 and 20.

5. Plaintiff served discovery on Bonnier when the motion was pending.

1

6. After discovery was served, the parties began engaging in settlement discussions.

7. After numerous settlement discussions, the parties agreed to mediate their dispute and the Court entered a formal order on April 29, 2017, referring the case to mediation. *See* Dkt. No. 21.

8. The first mediation was conducted by Jed D. Melnick at JAMS in New York City, and the parties exchanged mediation briefs and informal information in order to prepare for and conduct the mediation. After a full day of mediation, follow-up work with the mediator, and various arms-length negotiations spanning several months, the parties ultimately reached an agreement in principal (the "Prior Settlement"). Plaintiff moved for certification of a settlement class, which the Court granted on December 13, 2017. *See* Dkt. No. 30. However, the Court ultimately denied preliminary approval of the Prior Settlement on July 26, 2018. *See* Dkt. No. 39.

9. The Court held a status conference on October 22, 2018, and issued an amended scheduling order. *See* Dkt. No. 42. Pursuant to that order, the parties continued to conduct discovery and Plaintiff moved to certify a litigation class on November 26, 2018. Dkt. No. 48. After Plaintiff moved for class certification, the parties agreed to hold a second mediation. Plaintiff also took a second deposition of Defendant's corporate representative under Rule 30(b)(6) on December 19, 2018.

10.     The second mediation was conducted by former Chief Judge Gerald E. Rosen at an in-person session in Detroit on January 3, 2019. Prior to that session, the parties exchanged mediation briefs. Through these briefs and discussions with the parties, Judge Rosen was fully informed of the terms of the Prior Settlement as well as the Court's order denying preliminary approval to that agreement. After a full day of mediation, the parties agreed in principle to resolve this case on a classwide basis pursuant to the terms of Judge's Rosen's Mediator's Proposal.

11.     Before executing the final Settlement Agreement, the Parties engaged in additional discussions facilitated by Judge Rosen, and Plaintiff's Counsel conducted additional discovery, including serving three third-party subpoenas, to verify information regarding the class size. Both parties then accepted the final Mediator's Proposal. The parties have since memorialized the terms of the mediator's proposal in an executed final agreement, a true and correct copy of which is attached to Plaintiff's for Preliminary Approval.

12.     All told, prior to executing the Settlement Agreement, Plaintiff's Counsel has taken two Rule 30(b)(6) depositions, defended Plaintiff's deposition, served document requests and reviewed documents produced by Defendant, served three third-party subpoenas and reviewed documents produced by the third parties, and engaged in numerous informal exchanges of information with Defendants and the third parties.

13. I believe the discovery and information exchanges conducted prior to the parties' execution of the proposed settlement agreement provided me and my co-counsel with sufficient information to reasonably assess the size of the proposed class and the strengths and weaknesses of the claims. This in turn allowed us to make an informed assessment of the settlement value of the case during the mediation sessions and discussions facilitated by Judge Rosen.

14. According to Defendant's most recent analysis of its records, there are approximately 164,509 individuals who fit within the proposed class definition.

15. While I have confidence in the merits of Plaintiff's claim, discovery revealed some information that arguably might have allowed Defendant to raise colorable defenses. For example, we learned that Defendant has relied on third-party entities to fulfill certain subscription services, such as taking orders, managing subscriber files, accepting payments, and dealing with customer complaints. Further, Defendant produced numerous examples of "opt-out" notices it includes in its magazines, including contact information Defendant's subscribers can use to opt-out of any disclosure of their personal information.

16. Before reaching the terms of the final settlement agreement with Defendant, my co-counsel and I closely examined the terms of settlements in approximately eleven similar, recent class actions. I believe the current settlement

proposal compares favorably with those settlements and represents a strong recovery for the class here.

17. My firm, Carlson Lynch, LLP ("Carlson Lynch"), and the Law Offices of Daniel O. Myers ("LODM"), have a wealth of experience litigating consumer class actions.

18. Carlson Lynch and LODM have been involved in numerous consumer protection lawsuits throughout the country, have the resources and skill to litigate these cases, and have litigated this case thoughtfully and engaged in months-long negotiations to achieve the result currently before the Court. *See* Firm Resumes filed at Dkt. Nos. 25-1, 25-2.

19. Carlson Lynch and LODM have, both individually and collectively, devoted substantial time and resources to the prosecution and settlement of this action, and will continue to do so until final judgment.

20. Based on my experience with class settlements of similar size and complexity, I estimate that settlement administration services can be obtained from a reputable provider for approximately $100,000.

21. Assuming the settlement is approved, a calculation of the estimated value of claims based on varying claims rates is set forth in Exhibit A.

I declare under penalty of perjury that the above and foregoing is true and accurate.

Executed this March 18, 2019, Pittsburgh, Pennsylvania.

>*/s/ Gary F. Lynch*
>Gary F. Lynch
>CARLSON LYNCH, LLP
>1133 Penn Avenue, 5th Floor
>Pittsburgh, PA 15222
>(412) 322-9243

# **CERTIFICATE OF SERVICE**

      I hereby certify that on March 18, 2019, I electronically filed the foregoing document with the Clerk of Court using the Court's ECF filing system, which will send notification to the following:

Daniel T. Stabile
Shutts & Bowen LLP
200 South Biscayne Blvd., Suite 4100
Miami, FL 33131
Telephone: 305-415-9063
Facsimile: 305-347-7714
dstabile@shutts.com

John J. Gillooly
Garan Lucow
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
Telephone: 313-446-5501
jgillooly@garanlucow.com

                                              */s/ Gary F. Lynch*
                                              Gary F. Lynch