UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA FRISKE,

        Plaintiff,

Case Number 16-12799
Honorable David M. Lawson

v.

BONNIER CORPORATION,

        Defendant.

_____/

**<u>ORDER GRANTING UNOPPOSED MOTIONS FOR CONDITIONAL
CERTIFICATION OF SETTLEMENT CLASS AND TO APPROVE NOTICE OF
CLASS ACTION SETTLEMENT AGREEMENT, SETTING HEARING DATE,
AND AUTHORIZING NOTICE TO CLASS MEMBERS</u>**

The plaintiff filed a second motion to conditionally certify a settlement class and a motion to preliminarily approve a class settlement agreement, appoint a settlement administrator, authorize notice of a class action settlement, and set a date for a final fairness hearing. These motions are unopposed. The Court previously conditionally certified a class for settlement purposes, but after the first motion to approve a proposed settlement on behalf of the class was denied, the Court decertified the class. After a third party attempted unsuccessfully to intervene, the parties returned to mediation and negotiated a revised settlement.

The Court heard the parties' arguments on June 11, 2019. No one appeared in opposition. The plaintiff has presented an adequate basis to recertify a settlement class, and she has shown that the new settlement proposal merits approval. Therefore, the Court will recertify the settlement class, grant preliminary approval of the proposed settlement, authorize the notice (with some minor modifications), and set a date for a final hearing.

I. Background

The parties jointly seek preliminary approval of their revised version of a proposed class settlement. The named plaintiff, Rebecca Friske, brought this action under Michigan's Video Rental Privacy Act (VRPA), Mich. Comp. Laws § 445.1711 *et seq.*, alleging that defendant Bonnier Corporation, a Delaware corporation that sells subscriptions to magazines nationwide, sold and disclosed customer data to third parties in violation of that state law. She seeks damages and injunctive relief to prevent further disclosure of her and other similarly situated class members' personal information.

After the complaint was amended once to correct a misnomer, the defendant filed a motion to dismiss or alternatively to stay the proceedings, followed by a corrected motion five days later. The Court entered a scheduling order on January 23, 2017, closing discovery on July 31, 2017, with dispositive motions due by August 18, 2017. On April 19, 2017, the Court entered an order referring the case to facilitative mediation. On July 18, 2017, the defendant withdrew its motion to dismiss, and on August 22, 2017, the Court held a status conference where counsel for the parties represented that they had reached a settlement.

On December 11, 2017, the Court held a hearing on the motion to certify a settlement class and granted conditional certification of the class based on the parties' representations. The Court appointed attorneys Daniel Myers and Gary Lynch as counsel for the designated settlement class and plaintiff Rebecca Friske as the class representative. The Court also directed the parties to file a motion for preliminary approval of the proposed settlement agreement by December 18, 2017. The parties timely complied.

On January 16, 2018, the Court held a hearing on the parties' joint motion for preliminary approval of class action settlement. During the hearing, the Court expressed concern about the proposed award to absent class members in light of the Sixth Circuit's holding in *In re Dry Max Pampers Litigation*, 724 F.3d 713 (6th Cir. 2013). Counsel for the parties were unfamiliar with the case and asked the Court to grant them two weeks to supplement their presentations. On January 29, they filed a joint motion for a sixty-day extension so that they could conduct additional discovery to support their proposed settlement. On April 3, the parties submitted a status report indicating that they had reached an agreement regarding the scope of the additional discovery and that they intended to complete this discovery posthaste. On June 25, the parties filed a joint brief.

On July 26, 2018, the Court denied the parties' motion for preliminary approval of the class action settlement, finding that they did not carry their burden of showing that the proposed settlement was "fair, reasonable, and adequate."

On October 18, 2018, absent class member William LeTarte ("intervenor") filed a motion to intervene. The Court thereafter vacated conditional certification settlement class because the parties failed to satisfy the condition on which certification was granted. The order indicated that if the parties desire to pursue class-wide relief, they could revisit certification and file an appropriate motion. The plaintiff filed a renewed motion in November 2018.

On January 9, 2019, the parties filed a motion for a status conference and to stay pending motions and deadlines, indicating that the parties engaged in renewed settlement negotiations with the assistance of a professional mediator, and that the parties had agreed to resolve the case on a class-wide basis. The parties requested that the Court adjourn the hearing on the motion to intervene by a putative class member, as well as stay the deadline by which the defendant must

respond to the plaintiff's renewed motion for class certification, which was set for a hearing on February 20, 2019. The parties also requested that the Court schedule a status conference to discuss scheduling and other matters based on the proposed settlement.

On January 11, 2019, the Court granted the parties' request for a status conference and stayed the deadlines relating to the plaintiff's pending motion for class certification. However, the request to adjourn the hearing on the motion to intervene was denied.

On January 14, 2019, the Court heard oral argument on the motion to intervene. At the conclusion of the hearing, the Court announced from the bench its decision to deny without prejudice the motion, finding that with regard to intervention as of right, a showing greater than the one presented by the intervenor was needed to overcome the presumption that his interests are adequately represented. The Court also declined to allow permissive intervention under the circumstances. The intervenor, however, was permitted to renew his motion if warranted by the terms of the parties' recently negotiated proposed settlement. The intervenor did not renew his motion.

That same day, the Court held a status conference and directed the parties to file renewed motions to certify the settlement class and for preliminary approval of the settlement by January 31, 2019. On January 30, 2019, the parties filed a motion seeking to extend that deadline. The parties stated that they needed an additional 45 days to verify the size and identities of the proposed class before finalizing the settlement agreement. The parties indicated that to the extent that the ultimate class size differed significantly from their understanding at mediation, they had agreed to re-engage their professional mediator to oversee any additional negotiations concerning the

settlement. The Court found the request reasonable under the circumstances and extended the deadline to March 18, 2019.

On March 18, 2019, the plaintiff filed the instant, unopposed motions to conditionally certify the settlement class and appoint class counsel and for preliminary approval of the class action settlement. They propose a settlement class defined as:

> All Michigan residents who subscribed to or received one or more subscriptions to a magazine published by Bonnier between July 28, 2010 and the date of Preliminary Approval of the Agreement, and who did not purchase such subscriptions through a Third-Party Subscription Agent.

The parties now anticipate that the class would consist of approximately 164,509 Michigan residents.

## II. Conditional Certification

"The class action is a creature of the Federal Rules of Civil Procedure." *United States v. Sanchez-Gomez*, --- U.S. ---, 138 S. Ct. 1532, 1538 (2018). "It is an 'exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only,' and 'provides a procedure by which the court may exercise . . . jurisdiction over the various individual claims in a single proceeding.'" *Ibid.* (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). "'The certification of a suit as a class action has important consequences for the unnamed members of the class.'" *Ibid.* (*Sosna v. Iowa*, 419 U.S. 393, 399 n.8 (1975)).

"Any class certification must satisfy Rule 23(a)'s requirement of numerosity, commonality, typicality, and adequate representation." *Clemons v. Norton Healthcare Inc. Retirement Plan*, 890 F.3d 254, 278 (6th Cir. 2018). "Further, a class action must fit under at least one of the categories identified in Rule 23(b)." *Ibid.* "The district court must conduct 'a rigorous analysis' as to all the requirements of Rule 23." *Id.* at 278-79 (quoting *Pipefitters Local 636*

*Insurance Fund v. Blue Cross Blue Shield of Michigan*, 654 F.3d 618, 630 (6th Cir. 2011)). "[T]he party seeking class certification . . . bears the burden of 'affirmatively demonstrat[ing]' compliance with Rule 23." *Sandusky Wellness Center, LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 466-67 (6th Cir. 2017) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

The first prerequisite to class certification under Rule 23(a) is numerosity. *Olden v. LaFarge Corp.*, 203 F.R.D. 254, 268 (E.D. Mich. 2001), *aff'd*, 383 F.3d 495 (6th Cir. 2004). There is no strict numerical test to determine when the class is large enough or too numerous to be joined under the Federal Rules of Civil Procedure. *Senter v. General Motors Corp.*, 532 F.2d 511, 523 n.24 (6th Cir. 1976). Here, the plaintiff alleges in her unopposed motion that the class will consist of approximately 164,509 Michigan residents. As the Court found previously, that number certainly is large enough, and not so large that claims administration would be unmanageable.

The second prerequisite for class certification, commonality, simply means that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This provision does not demand that all questions of law and fact raised in the complaint are common. *Olden*, 203 F.R.D. at 269. "The standard is not [that] demanding. 'Rule 23(a) simply requires a common question of law or fact.'" *Rockey v. Courtesy Motors, Inc.*, 199 F.R.D. 578, 583 (W.D. Mich. 2001) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997)). In this case, the claims of the absent class members will be identical: that the defendant unlawfully disclosed personal subscriber information in violation of Michigan law. According to the plaintiff, there is little room for individualized factual analysis, since the defendant's conduct takes the claims away from the statute's safe harbor provisions. The defendant takes no issue with that proposition. The

commonality element is satisfied. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (requiring that the "determination of [the common contention's] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke").

The requisite of typicality requires that a "sufficient relationship exist[ ] between the injury to the named plaintiff and conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000) (internal quotes omitted). Although the named plaintiff's claims must fairly encompass the class members' claim, they need not always involve the same facts or law. *See Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998); *Senter*, 532 F.2d at 525 n.31. Here, the named plaintiff's claim is identical to those of the absent class members.

The Supreme Court has explained that the commonality and typicality requirements "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff[s]' claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982). "The test for typicality, like commonality, is not demanding." *Rockey*, 199 F.R.D. at 584. It is satisfied here.

Under Rule 23(a)(4), the Court must "measure the adequacy of the class members' representation based upon two factors: '1) the representatives must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.'" *In re Dry Max Pampers Litig.*, 724 F.3d 713, 721 (6th Cir. 2013) (quoting *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 757 (6th

Cir. 2013)). "The Rule requires that 'the class members have interests that are not antagonistic to one another.'" *Ibid.* "Thus, 'the linchpin of the adequacy requirement is the alignment of interests and incentives between the representative plaintiffs and the rest of the class.'" *Ibid.* (quoting *Dewey v. Volkswagen AG*, 681 F.3d 170, 183 (3d Cir. 2012)). "These requirements are scrutinized more closely, not less, in cases involving a settlement class," because "'the need for the adequacy of representation finding is particularly acute in settlement class situations.'" *Ibid.* (quoting *In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 795 (1995)).

The plaintiff asserts that she adequately represents the interests of the class because she shares their interest in recovery and in ensuring these disclosures do not continue. She says that she has devoted significant time and energy to this case by participating in settlement negotiations and sitting for a deposition in November 2018. The plaintiff also argues that her counsel are competent and that their wealth of experience litigating these types of cases makes them qualified to represent the class.

The plaintiff's unopposed motion presents no new information on this point that warrants disturbing the Court's previous findings and decision to conditionally certify the class for settlement purposes. An argument could be made that plaintiff's attorneys should not be appointed because of their failure to achieve a fair settlement previously. However, a better view is that plaintiff's counsel overcame that criticism by sticking with the case and negotiating another settlement. In any event, despite an effort by an absent class member to intervene with a new attorney who was spring-loaded to take over, there are no objections to the appointment of the named plaintiff and current counsel presently before the Court. Their familiarity with the case favors allowing them to proceed as class counsel.

"Rule 23(b)(3) classes . . . must meet predominance and superiority requirements, that is, 'questions of law or fact common to class members [must] predominate over any questions affecting only individual members' and class treatment must be 'superior to other available methods.'" *Sandusky Wellness Center*, 863 F.3d at 466. "In discerning whether a putative class meets the predominance inquiry, courts are to assess 'the legal or factual questions that qualify each class member's case as a genuine controversy,' and assess whether those questions are 'subject to generalized proof, and thus applicable to the class as a whole.'" *Id.* at 468 (quoting *Amchem*, 521 U.S. at 594; *Bridging Communities, Inc. v. Top Flite Fin., Inc.*, 843 F.3d 1119, 1124 (6th Cir. 2016)). "'If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question.'" *Ibid.* (quoting *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, 821 F.3d 992, 998 (8th Cir. 2016)). The plaintiff "need not prove that every element can be established by classwide proof," but "the key is to identify the substantive issues that will control the outcome." *Ibid.* (quotations omitted).

According to the plaintiff, the defendant was engaged in a common course of conduct such that claims under Michigan's Video Rental Privacy Act are susceptible to generalized class-wide proof, and that pursuing relief in a single suit would be superior to any other form of claim resolution as it would promote judicial economy and address claims of which some class members may be unaware. The defendant disputes none of this.

"In addition, Rule 23(b)(3) classes must also meet an implied ascertainability requirement." *Ibid.* (citing *Cole v. City of Memphis*, 839 F.3d 530, 541 (6th Cir. 2016)). That is because, "unlike (b)(1) and (b)(2) classes, (b)(3) class members are entitled to notice and are able to opt-out of the class." *Cole*, 839 F.3d at 541. "In the Rule 23(b)(3) context, ascertainability aids the inherent

efficiencies of the class device by ensuring administrative feasibility, and . . . ascertainability is a requirement tied almost exclusively to the practical need to notify absent class members and to allow those members a chance to opt-out and avoid the potential collateral estoppel effects of a final judgment." *Ibid.* "[T]he ascertainability requirement . . . necessitate[s] 'a class description [that is] sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.'" *Ibid.* (quoting *Young v. Nationwide Mutual Insurance Co.*, 693 F.3d 532, 537-38 (6th Cir. 2012)).

It appears that the parties have identified class members through subscription records. Indeed, it is those records that form the heart of the case. The plaintiff has satisfied this requirement.

Because the plaintiff has fulfilled the requirements of Rule 23(a) and (b), the Court will conditionally recertify the settlement class, appoint Rebecca Friske as the class representative, and appoint her attorneys, Gary Lynch, Jamisen Etzel, and Daniel Myers, as class counsel.

### III. Preliminary Approval

Federal Rule of Civil Procedure 23(e) imposes certain "rules for the settlement, dismissal, or compromise of class claims." *Whitlock v. FSL Management, LLC*, 843 F.3d 1084, 1093 (6th Cir. 2016). "It requires that class-action claims 'may be settled, voluntarily dismissed, or compromised only with the court's approval.'" *Ibid.* (quoting Fed. R. Civ. P. 23(e)). The approval of a proposed settlement ordinarily involves a two-stage procedure. "First, counsel submit the proposed terms of [the] settlement and the judge makes a preliminary fairness evaluation. . . . Once the judge is satisfied as to the . . . results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is

given to the class members." Manual for Complex Litigation (4th ed.) §§ 21.632-.633 (2004); *see also Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001).

"Approval is only warranted where the court determines, *inter alia*, that the proposed class settlement would be 'fair, reasonable, and adequate.'" *Whitlock*, 843 F.3d at 1093. "Factors that guide this inquiry include: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Ibid.* (quoting *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007)).

The terms of the proposed settlement include the following features:

• A non-reversionary settlement fund of $2,150,000 furnished by the defendant, to be distributed as outlined below

• Class members who submit a claim form will receive a pro rata cash payment that plaintiff's counsel estimates to be between $43 and $86 (based on claim-submission opt-in rates of 20% and 10%, respectively)

• If a class member does not submit a claim form, he or she will receive a voucher or purchase code for a free, one-year subscription to one of Bonnier's magazines

• Bonnier will retain disclosure language contained in all its publications and undertake commercially reasonable measures to honor the request of any individual who submits a request to opt out of the subscriber list occasionally made available to third parties

• Bonnier will undertake commercially reasonable measures to include disclosure language in informational materials used to establish a new magazine subscription so that disclosure is available to consumers before subscribing

• Costs of administration will not exceed $100,000, but they will be paid from settlement fund

• The named plaintiff's incentive award will be no more than $2,500, paid from settlement fund

-11-

- Class counsel will seek attorney's fees of no more than $625,000 or 29% of the settlement fund

The revised settlement terms are fair, reasonable, and adequate. The Court believes that the parties addressed and eliminated the "red flags" that counseled against approval the first time around. The Court previously emphasized that the proposed cash distribution of either $16 or a free magazine subscription was not commensurate with or higher than awards in other VRPA cases and that the relief was a far cry from the upside an individual class member might realize if he or she pursued an individual claim in light of statutory damages. The plaintiff presently estimates that the proposed cash payment to class members will be between $43 and $86 based on a 20 percent and 10 percent claim-return rate, respectively. It is not clear from the briefing on what basis, other than class counsel's experience, the plaintiff formed her belief that the yield will fall in that range. But an actual payout of between $43 and $86 amounts to a reasonable monetary award when compared to the other cited VRPA cases from this district. *See Halaburda v. Bauer Publishing Company., LP*, No. 12-12831 (Steeh, J.) (approximately $74 per claimant); *Coulter-Owens v. Rodale, Incorporated*, No. 14-12688, 2016 WL 5476490 (E.D. Mich. Sept. 29, 2016) (Cleland, J.) (approximately $44 per claimant); *Kinder v. Meredith Corporation*, No. 14-11284 (Ludington, J.) (approximately $50 per claimant). These amounts are significant and support a finding that the settlement is not a product of collusion (or obstruction) between the parties.

Although the case has been pending for several months, it is not close to a resolution on a contested basis. In the absence of an agreement, the parties would have pursued costly motion practice, which would have extended the proceedings. The prospect of interlocutory appeals on the class certification question also would have prolonged the litigation.

The parties represent that they engaged in some discovery before reaching a revised agreement. The plaintiff says that she took two Rule 30(b)(6) depositions of the defendant, served document requests, and received both formal and informal responses and documents from the defendant. She also indicates that after the second mediation, class counsel conducted further discovery, including serving three third-party subpoenas and receiving additional information from the defendant and third parties, to ensure that the class size was accurate. It is reasonable to conclude that the parties did their due diligence this time.

The plaintiff's success on her claim was far from certain. The defendant maintained that it did not sell its magazines "at retail" and placed opt-out notices on its publications. Those contested facts would have provided the defendant with a liability defense. And the defendant likely would have advocated for a reduction of damages on due process grounds.

The plaintiff's attorneys are reputable and experienced in complex class action litigation and have adequately assessed the strengths of the plaintiff's claims and defenses; there presently are no class members from which to measure a reaction. They have expressed their opinion that this second try at a settlement is in the best interest of the absent class members.

And, of course, settlements of consumer protection litigation on favorable terms promotes the public interest. The settlement will prevent protracted litigation and further the aims of the VRPA by ensuring that the defendant's customers are given the opportunity to opt out of the defendant's disclosure practice before becoming subscribers.

The fee award is substantially less than the first proposed award in absolute terms, but is only one percent less than what previously was requested. The plaintiff has not submitted any information as to class counsel's hourly rate and services rendered. It is not unfathomable that

over the course of three years plaintiff's counsel has accumulated six figures in fees, especially when considering the additional efforts undertaken to properly prosecute this case after the first motion for preliminary approval was denied. And the fee award will be subject to further scrutiny when class counsel moves for approval under Rule 23(h) and Rule 54(d)(2).

Also, the incentive award to the named plaintiff is half of what previously was proposed, mitigating any lingering concern that the plaintiff will enjoy a windfall at her fellow class members' expense.

The proposed settlement does not contain those provisions that allowed the defendant to recoup some of the settlement fund as a "credit" if a claimant elected the free magazine instead of a cash payment and that afforded either party the right to rescind if more than 20 percent of class members opted for a cash payment. The absence of such a provision suggests that the parties have learned from their previous unsuccessful attempt at a class settlement.

The proposed notice appears to be appropriate and in line with notices the Court previously has authorized. The notice promises an award between $43 and $86. Although the notice includes some language that the exact amount is unknown at this time, the notice should more clearly explain how those amounts were calculated and based on what assumptions. The notice should be proofread for grammar, spelling and punctuation errors. With those minor modifications, the notice will be approved.

IV. Notice

The Court also finds reasonable the plan for notifying absent class members proposed by the parties. The parties propose the appointment of Angeion Group as the settlement administrator, which would implement a plan for providing notice and receiving claims from class members

including: (1) post card notices mailed directly to class members via U.S. mail and (2) creation of a settlement website that will include information about the settlement and an online claim submission feature that will allow class members to submit a claim. Rule 23 states that "the court may direct appropriate notice to the class," Fed. R. Civ. P. 23(c)(2)(A), and "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal," Fed. R. Civ. P. 23(e)(1). The Court has reviewed the contents of the proposed notice to absent class members, which plaintiff's counsel has provided to the Court. The notice is reasonably clear and otherwise conforms to the requirements of Rule 23(c)(2)(A) and 23(e). The proposed notice must be amended, however, to include the deadlines prescribed by this order.

Finally, Angeion Group appears to be a capable settlement administrator, having competently administered multiple class settlements over the years.

V. Conclusion

Accordingly, it is **ORDERED** that the plaintiff's unopposed motions to certify a settlement class and for preliminary approval of the proposed settlement agreement and procedure for providing class notice (ECF No. 61, 62) are **GRANTED**. The proposed settlement agreement is **PRELIMINARILY APPROVED**, subject to objections by absent class members and except for the determination of the attorney's fees and costs.

It is further **ORDERED** that, pursuant to Federal Rule of Civil Procedure 23(b)(3), the following settlement class is conditionally certified in this case:

> All Michigan residents who subscribed to or received one or more subscriptions to a magazine published by Bonnier between July 28, 2010 and the date of Preliminary Approval of the Agreement, and who did not purchase such subscriptions through a Third-Party Subscription Agent.

It is further **ORDERED** that counsel of record for the named plaintiff, namely attorneys Gary Lynch, Jamisen Etzel, and Daniel Myers, are appointed as counsel for the designated settlement class. Plaintiff Rebecca Friske is appointed as the class representative.

It is further **ORDERED** that Angeion Group is **APPROVED** as the claims administrator for the settlement. The Court further **APPROVES** the deposit within 30 days of the settlement funds into an escrow account to be held pending final disposition of all settlement claims, or until further order of the Court, and the Court orders the defendant's compliance with this term.

It is further **ORDERED** that **on or before July 10, 2019**, the defendant shall provide notice of this proposed class settlement to the appropriate state and federal authorities. The defendant must file proof that it has provided the required notice with the Court, in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(b).

It is further **ORDERED** that plaintiff's counsel or their designated representative shall cause notice of the proposed settlement to be given to class members in the following manner:

(a) **On or before July 10, 2019**, a copy of the Notice of Class Action Settlement Agreement, substantially in the form attached as ECF No. 62-1, Page.ID 751-763 to the plaintiff's unopposed motion for preliminary approval of class settlement and notice, and modified as directed herein, must be mailed by first-class mail, with postage prepaid, to each class member. The class administrator shall ensure that the creation of a claims website is accomplished by that same date.

(b) The notice to class members must explain that objections to, and requests to be excluded from, the class settlement must be filed with the Court and the parties' counsel **on or before August 26, 2019**.

(c) In lieu of the notice described in subparagraph (a), above, an abbreviated notice, substantially in the form attached as ECF No. 62-1, Page.ID 765, may be mailed by first-class mail, with postage prepaid, to each class member for whom plaintiff's counsel or his designated representative can confirm has an active email account with access to the Internet.

It is further **ORDERED** that plaintiff's counsel shall file proof of mailing of the class notice in conformity with this order **on or before July 17, 2019**.

It is further **ORDERED** that the expenses of printing and mailing and publishing all notices required hereby shall be paid as described in the settlement agreement.

It is further **ORDERED** that the notice of class settlement must inform the absent class members that Proofs of Claim and supporting documentation must be submitted **on or before August 23, 2019**. Proofs of Claim sent by mail shall be deemed submitted when postmarked if mailed by first class, registered or certified mail, postage prepaid, addressed in accordance with the instructions in the Proof of Claim. All other Proofs of Claim shall be deemed submitted at the time of actual receipt.

It is further **ORDERED** that, **on or before September 3, 2019**, plaintiff's counsel must file a motion for final approval of the settlement identifying absent class members who opt out or object. The defendant's response, if the motion is opposed, must be filed **on or before September 10, 2019**, and the plaintiff's reply, if any, must be filed **on or before September 17, 2019**.

It is further **ORDERED** that a hearing shall be held at **1:00 p.m.** on **Thursday, September 23, 2019** in Room 767 of the Theodore Levin United States Courthouse, 231 West Lafayette Blvd., Detroit, Michigan 48226, to consider any objections to the settlement agreement and to determine whether the settlement agreement should be finally approved as having been negotiated in good faith and as being fair, reasonable, and in the best interest of the class members.

It is further **ORDERED** that any class member may appear at the settlement hearing and be heard to the extent allowed by this Court, either in support of or in opposition to the good faith, fairness, reasonableness, and adequacy of the proposed settlement or the plaintiff's counsel's

application for an award of attorney's fees, reimbursement of expenses, and an incentive award to the representative plaintiff. However, no class member shall be entitled to be heard or entitled to contest the approval of the terms and conditions of the proposed settlement or the judgment to be entered pursuant thereto approving the same, or the plaintiff's counsel's fee, expense and incentive award application, unless, **on or before August 23, 2019**, such person: (a) has filed with the Clerk of Court a notice of such person's intention to appear, together with a statement that indicates the basis for such opposition along with any supporting documentation, and (b) has served copies of such notice, statement, and documentation, together with copies of any other pleadings that such person has filed with the Clerk of the Court and each parties' counsel at the following addresses:

>Clerk of the Court
>United States District Court
>231 Lafayette Boulevard
>Detroit, MI 48226
>Re: Rebecca Friske v. Bonnier Corporation
>Case Number 16-12799

>*Counsel for the Plaintiff*

>Gary Lynch and Jamisen A. Etzel
>Carlson Lynch Sweet & Kilpela, LLP
>36 N. Jefferson St.
>P.O. Box 7635
>New Castle, PA 16107
>724-656-1555
>Fax: 724-656-1556


>Daniel Myers
>The Law Offices of Daniel O. Myers
>4020 Copper View Ste. 225
>Suite 225
>Traverse City, MI 49684
>231-943-1135

*Counsel for the Defendant*

    Daniel T. Stabile and Francis A. Zacherl
    Shutts & Bowen LLP
    200 South Biscayne Blvd
    Suite 4100
    Miami, FL 33131
    305-415-9063
    Fax: 305-347-7714

    John J. Gillooly
    Garan Lucow
    1155 Brewery Park Blvd., Suite 200
    Detroit, MI 48207-2641
    313-446-5501

Any class member who does not serve and file an objection to the proposed settlement of the litigation or the fee, expense and incentive award application, in the manner provided for herein, shall be deemed to have waived the right to object, including the right to appeal, and shall be forever foreclosed from making any objection to the settlement, the fee, expense and incentive award application, or to any order or judgment filed or entered thereon, as applicable. Counsel for the plaintiff must notify all absent class members of this requirement.

It is further **ORDERED** that applications for incentive awards, attorney's fees, or reimbursable expenses under Rule 23(h) must be filed **on or before September 3, 2019**. Counsel must provide notice to class members in accordance with Fed. R. Civ. P. 23(h)(1).

It is further **ORDERED** that class counsel shall be responsible for maintaining a file of all responses to the notice of settlement and any and all other written communications received from the class members. Class counsel immediately shall provide copies of such responses and communications to defendant's counsel.

It is further **ORDERED** that the Court reserves the right to adjourn the settlement hearing from time to time without further notice and to approve the settlement agreement at or after the settlement hearing.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   June 25, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on June 25, 2019.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI

---