UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA FRISKE,

        Plaintiff,                                    Case Number 16-12799
v.                                                       Honorable David M. Lawson

BONNIER CORPORATION,

        Defendant.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

On September 26, 2019, the Court granted final approval of a class-wide settlement. One component of that settlement was the authorization for class counsel to file a motion requesting the Court to authorize payment of up to $623,500, or 29 percent of the settlement fund, for attorney's fees and costs associated with the action. Counsel filed their motion under Federal Rule of Civil Procedure 54(d), *see* Fed. R. Civ. P. 23(h)(1), and later supplemented it with additional documentation.

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "'When awarding attorney's fees in a class action, a court must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved.'" *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016) (quoting *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993)). "These two measures of the fairness of an attorney's award — work done and results achieved — can be in tension with each other." *Ibid.* "The lodestar method of calculating fees better accounts for the amount of work done, whereas the percentage of the fund method more accurately reflects the results achieved." *Ibid.* (citations and quotations omitted in this and following citations except as otherwise noted). "To determine the

lodestar figure, the court multiplies the number of hours 'reasonably expended' on the litigation by a reasonable hourly rate." *Ibid.* "The court may then, within limits, adjust the lodestar to reflect relevant considerations peculiar to the subject litigation." *Ibid.* "In contrast, to employ the percentage of the fund method, the court determines a percentage of the settlement to award to class counsel." *Ibid.*

"As the two methods measure the fairness of the fee with respect to different desired outcomes, it is necessary that district courts be permitted to select the more appropriate method for calculating attorney's fees in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." *Ibid.* The Court also may elect to "employ[] the lodestar method to determine the fairness of the fee, then . . . cross-check it with the percentage-of-the-fund calculation." *Id.* at 280. "District courts have the discretion to select the particular method of calculation, but must articulate the 'reasons for adopting a particular methodology and the factors considered in arriving at the fee.'" *Ibid.* (quoting *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009)). "*Moulton* set out the germane factors," which include, "'(1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides.'" *Ibid.* (quoting 581 F.3d at 352).

The percentage of the fund method is appropriate here for evaluating the reasonableness of the attorney fee since the result achieved for the class in terms of the cash payments to be made from the fund was substantial, and class counsel undertook the representation on a contingent fee basis and advanced significant labor and expenses to litigate the case. And the percentage award

requested is appropriate to compensate class counsel adequately for the risk inherent in that contingent fee representation. *In re Google Referrer Header Privacy Litig.*, 869 F.3d 737, 747 (2018) ("Under the percentage-of-recovery method, the requested fee was equal to 25% of the settlement fund [which] was commensurate with the risk posed by the action and the time and skill required to secure a successful result for the class, given that class counsel faced three motions to dismiss and participated in extensive settlement negotiations.")

"When conducting a percentage of the fund analysis, courts must calculate the ratio between attorney's fees and benefit to the class." *Gascho*, 822 F.3d at 282. "Attorney's fees are the numerator and the denominator is the dollar amount of the Total Benefit to the class." *Ibid*. However, when calculating the ratio, the *Gascho* court, in a parenthetical remark, included "the attorney's fees and . . . costs of administration" in addition to the payout to class members. *Ibid*. That calculation method departs from traditional norms in non-class-action contingent fee cases, where the fee is determined by a percentage of the net recovery. *See Hunt v. Hadden*, No. 14-10713, 2015 WL 3473680, at *8 (E.D. Mich. June 2, 2015), *order vacated in part on reconsideration*, No. 14-10713, 2015 WL 13048812 (E.D. Mich. July 17, 2015). But in class cases, considerable amounts of litigation expenses must be advanced by class counsel on behalf of absent potential plaintiffs too numerous to consult. Therefore, whereas in individual cases, a client can agree to share in the risk of litigation by agreeing to pay a share of the expenses from a potential recovery — or perhaps all of them if there is no recovery — class counsel does not have that option and must bear the costs alone on behalf of the class in general. Those advancement of costs therefore truly benefit the class and are part of the "Total Benefit."

In this case, there is no reverter authorized by the settlement agreement; all of the net common fund will be distributed to claimants on a *pro rata* basis. The settlement also provides

that Bonnier will send *every* settlement class member a voucher for a free, one-year subscription to the Bonnier magazine of his or her choice — even if the class member did not submit a claim form — and Bonnier will include disclosure language in informational materials so that the disclosure is available to consumers before subscribing to any Bonnier publication. This relief is difficult to value, but has value nonetheless. That aside, the total benefit to the class members is the full amount of the common fund, or $2,150,000.

The requested attorney's fee is $623,500. The attorney's fee thus represents 29% of that denominator, which is within the range of percentage fees that have been approved in other Michigan Video Rental Privacy Act ("VPRA") cases. *E.g., Moeller v. American Media, Inc.*, No. 16-11367, ECF No. 42 (E.D. Mich. Sept. 28, 2017) (awarding 35% of fund as attorney's fees); *Halaburda v. Bauer Publishing Company, LP*, No. 12-12831, ECF No. 54 (E.D. Mich. Sept. 26, 2013) (awarding 30% of fund as attorney's fees); *Coulter-Owens v. Rodale, Incorporated*, No. 14-12688, ECF No. 55 (E.D. Mich. Oct. 25, 2016) (awarding 25% of fund as attorney's fees); *Kinder v. Meredith Corporation*, No. 14-11284, ECF No. 81 (E.D. Mich. May 18, 2014) (awarding 35% of fund as attorney's fees). Twenty-nine percent is both a reasonable and appropriate attorney's share of the common fund.

The requested fee is also less than the full lodestar amount that the plaintiffs' counsel could charge. The plaintiffs' counsel seek to recover an aggregate amount of $623,500 based on a total of 1,209.9 hours billed by its attorneys at various hourly rates. The plaintiff submitted itemized billing records indicating billings by the primary attorneys who worked on the case that are summarized as follows:

- Gary F. Lynch, partner. 30 years experience. $675.00 per hour. 323.4 hours. $218.295.00 in attorney's fees. ECF no. 76-1, PageID.987.

- Jamisen A. Etzel, associate. 7 years experience. $425.00 per hour. 120.6 hours. $51,255.00 in attorney's fees. *Ibid.*

- Kevin Abramowicz, associate. 3 years experience. $350.00 per hour. 115.8 hours. $40,530.00 in attorney's fees. *Ibid.*

- Derek Markle, associate. 1 year experience. $250.00 per hour. 49.2 hours. $12,300.00 in attorney's fees. *Ibid.*

- Daniel O. Myers, partner. 26 years experience. $600.00 per hour. 244.4 hours. $146,640 in attorney's fees. ECF No 76-2, PageID.991.

- Robert S. Wood, member. 20 years experience. $700.00 per hour. 292.9 hours. $204,540.00 in attorney's fees. ECF No. 76-3, PageID.994.

- D. Charles Dukes, associate. $450.00 per hour. 40.6 hours. $18,270 in attorney's fees. *Ibid*.

- William King, paralegal. $150.00 per hour. 23 hours. $3,450 in attorney's fees. *Ibid.*

The hourly rates billed by each of the plaintiffs' attorneys are reasonable for a consumer protection and class action type practice and their years of experience. The rates charged by all the attorneys range from $250 to $700 per hour, with a blended rate of about $574.66. Courts have approved similar rates for similar VRPA class action settlements. *See Moeller*, No. 16-11367, ECF No. 42 (E.D. Mich. Sept. 28, 2017) (approving rates ranging between $215 to $750); *Halaburda.*, No. 12-12831, ECF No. 54 (E.D. Mich. Sept. 26, 2013) (approving rates ranging between $215 to $685); *Coulter-Owens*, No. 14-12688, ECF No. 55 (E.D. Mich. Oct. 25, 2016) (approving rates ranging between $270 to $725); *Kinder*, No. 14-11284, ECF No. 81 (E.D. Mich. May 18, 2014) (approving blended rate of about $456.77). Considering the complexity of the case and the experience of the several attorneys who worked on the case, the Court finds that the adjusted rate is reasonable.

The level of experience of counsel ranges from paralegals and newly admitted attorneys with 1 to 2 years to experienced counsel with over 30 years of experience with consumer protection

and class action litigation, and the rates vary proportionally with that experience. The plaintiffs' counsel avers that they have spent over 1,209 hours litigating the action, equaling roughly $623,500 at a lodestar. The requested fee is approximately 10% below that lodestar, which cross-checks within a reasonable range of the requested fee determined by the percentage of the fund method.

The Court also finds that the *Moulton* factors favor approval of the fee. The value of the benefit rendered by plaintiffs' counsel is substantial and likely will result in payments of between $76 to $79 to more than 17,000 class members, which represents a respectable middle ground within the range of statutory damages that they could have hoped to secure through a favorable verdict. The value of the services was high, since counsel secured a favorable settlement including damages to claimants and magazine subscriptions to non-claimant class members, while also assuring that Bonnier's informational materials include disclosure language for new customers. Class counsel was retained on a contingent fee basis and assumed the risk of advancing substantial costs and expenses of the litigation throughout its course. This case involved several complex legal issues, including contract formation, whether Bonnier sells magazines "at retail," whether Bonnier sufficiently notified its customers about its data practices, and whether Bonner disclosed information for marketing purposes or for other reasons. Class counsel also investigated the alleged privacy violations as the practices were not advertised or publicly disclosed. Society would do well to reward those attorneys who engage in such practice to defend the rights of thousands of Michigan magazine subscribers who unwittingly had their private information disclosed for commercial purposes. Finally, the attorneys are experienced and well-regarded consumer class action counsel, deserving of the contingent fee compensation for which they have applied.

Objector William LeTarte asserts that the final settlement should be disapproved for other reasons, but he has not objected to the substance of the attorney's fee request. For the reasons stated, the Court finds the attorney's fees reasonable and adequate.

Accordingly, it is **ORDERED** that the plaintiffs' motion for attorney's fees (ECF No. 76) is **GRANTED**.

It is further **ORDERED** that payments from the settlement fund are approved as follows:

- Class counsel shall receive $623,500, which includes compensation for attorney's fees and litigation expenses; and

- The settlement administrator may be paid up to $100,000 (and no more) in actual expenses incurred in the course of administering the class and settlement, which sum includes all payments made to date.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: October 17, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on October 17, 2019.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI