# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| REBECCA FRISKE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br><br>BONNIER CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. 16-cv-12799-DML-EAS<br><br>District Judge David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

## BRIEF IN SUPPORT OF MOTION FOR BOND ON APPEAL

i

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

## Cases

*Adsani v. Miller*, 139 F.3d 67 (2d Cir. 1998)......................................................3, 5

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)......................................................5, 6

*Gemelas v. Dannon Co.*, 2010 WL 3703811, at *1 (N.D. Ohio 2010) .....................4

*HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc.*,
847 F.2d 908 (1st Cir. 1988)......................................................................................5

*In re Advanced Elecs., Inc.*, 283 F. App'x 959 (3d Cir. 2008)..................................4

*In re Am. Presidential Lines, Inc.*, 779 F.2d 714 (D.C. Cir. 1985) ..........................4

*In re Cardizem CD Antitrust Litig.*, 391 F.3d 812 (6th Cir. 2004)................... 3, 4, 5

*In re Munn*, 891 F.2d 291 (6th Cir. 1989) ................................................................3

*In re Polyurethane Foam Antitrust Litig.*,
178 F. Supp. 3d 635 (N.D. Ohio 2016)..................................................................5, 6

*Linneman v. Vita-Mix Corp.*,
No. 1:15-cv-748, 2018 WL 5722722 (S.D. Ohio Nov. 1, 2016)............................5, 6

*Pedraza v. United Guar. Corp.*, 313 F.3d 1323 (11th Cir. 2002) .................... 3, 5, 6

*Sckolnick v. Harlow*, 820 F.2d 13 (1st Cir. 1987) ....................................................5

*Tennille v. Western Union Co.*, 774 F.3d 1249 (10th Cir. 2014) ..............................4

*Tri-Star Pictures, Inc. v. Unger*, 32 F. Supp. 2d 144 (S.D.N.Y. 1999).....................4

*Venen v. Sweet*, 758 F.2d 117, (3d Cir. 1985..........................................................4

## Rules

Fed. R. App. P. 39......................................................................................................4

Fed. R. App. P. 7............................................................................................ 3, 4, 5, 6

## I. INTRODUCTION

After this Court rejected the objection of Joseph Marchese, Counsel for Objector William LaTarte, and granted final approval to this settlement, Objector LaTarte's Counsel has opted to continue his "extortion attempt dressed up in procedural nomenclature" (Order Granting Final Approval, Dkt. No. 78, at 11) by filing a frivolous appeal. For the reasons set forth below, the Class respectfully moves this Court for an Order requiring the Objector to post an appeal bond pursuant to Rule 7 of the Federal Rules of Appellate Procedure. The Class further requests that such bond be set in the amount of $45,200, to be posted by the Objector, to cover a portion of the costs of the appeal.

## II. FACTS

The facts of Objector LaTarte's Counsel's campaign to extort a payment from the Class Settlement Fund prior to the Final Fairness hearing have been set forth in the Declaration of Gary Lynch (Dkt. No. 75-1) and described by the Court in its Order Granting Final Approval (Dkt. No. 78, at 10-11). But to briefly summarize, the tactics Objector's Counsel used demonstrated egregious bad faith and no effort whatsoever to improve the Settlement for the benefit of the Class. Objector's Counsel first demanded payment to resolve the objection on July 2, 2019, only a week after the Court granted preliminary approval. (Dkt. No. 75-1 at 7–8). But Objector's primary grounds for objection had not even materialized yet, as Objector

1

did not know at that time when Class Counsel's petition for attorneys' fees would be filed. This is likely why Objector's Counsel did not disclose the grounds for the objection until August 22, 2019 (*Id.* at 9), at which point it was too late for Class Counsel to avoid the objection by petitioning for fees at an earlier time. Objector's Counsel never once suggested a modification to the Class Settlement or made any effort to benefit the absent Class Members. (*Id.* at 10). This timeline proves that Objector's Counsel's only objective throughout this process has been to extract a payment from Class Counsel.

The Motion for Final Approval and supporting materials was filed on September 3, 2019. (Dkt. No. 75). That same day, Class Counsel filed their separate Motion for an Award of Attorney's Fees and Costs (Dkt. No. 76). Both documents were served on Objector LaTarte's Counsel pursuant to the ECF system.

Objector LaTarte's Counsel did not bother to appear at the Final Fairness Hearing to argue for his objection. Nor, despite his objection being ostensibly that he was not given an opportunity to meaningfully review the fee petition, did he file a response with the 14 days allowed by Local Rules (Order, Dkt. No. 78, at 9) ("The 14 days allowed by LR 7.1(e)(2)(B) was sufficient to allow LeTarte to respond to the fee motion, had his attorney been the least bit attentive.") Finally, Objector LaTarte's Counsel did not object to the substance of the fee request, either following the initial motion or within the two weeks of Class Counsel filing supplemental

2

materials following the Final Approval (Dkt. No. 79; see also Order Granting Motion for Attorney Fees, Dkt. No. 80) ("Objector William LeTarte asserts that the final settlement should be disapproved for other reasons, but he has not objected to the substance of the attorney's fee request.")

Despite the demonstrated lack of interest in the substance of any objection, on October 25, 2019 Objector LaTarte's Counsel filed his Notice of Appeal. The Class now seeks security for the costs of the delay he will cause.

### III.   LEGAL FRAMEWORK

Federal Rule of Appellate Procedure 7 states that, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." The purpose of an appeal bond is "to protect the rights of appellees brought into appeals courts by [the] appellants." *Adsani v. Miller*, 139 F.3d 67, 75 (2d Cir. 1998). Appeal bonds also serve to discourage frivolous appeals. *See Pedraza v. United Guar. Corp.,* 313 F.3d 1323, 1333 (11th Cir. 2002) ("[A]n appellant is less likely to bring a frivolous appeal if he is required to post a sizable bond . . . .").

Under the Rule, the Court has the discretion to decide whether to require a bond and the amount of the bond. *See In re Munn*, 891 F.2d 291, 291 (6th Cir. 1989); *see also In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 818 (6th Cir. 2004). The Court retains jurisdiction "during the pendency of the appeal" to order appeal bonds.

*See In re Advanced Elecs., Inc.*, 283 F. App'x 959, 963 (3d Cir. 2008) (quoting *Venen v. Sweet*, 758 F.2d 117, 120-21(3d Cir. 1985). The amount of the bond set by the Court is reviewable only for abuse of discretion. *In re Cardizem*, 391 F.3d at 818 (6th Cir. 2004).

When faced with a motion requesting an appeal bond, a district court must determine (a) whether a bond is appropriate, and (b) if so, how much the bond should be. *Gemelas v. Dannon Co.*, 2010 WL 3703811, at *1 (N.D. Ohio 2010). Regarding the first question, "courts typically consider (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay appellee's costs if the appeal is unsuccessful, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct." *Id.* at *1 (citing *Tri-Star Pictures, Inc. v. Unger*, 32 F. Supp. 2d 144, 147–150 (S.D.N.Y. 1999)).

Regarding the bond amount, Fed. R. App. P. 7 directs this Court to set an "amount necessary to ensure payment of costs on appeal." Appellate courts have reached different conclusions regarding what qualifies as "costs on appeal." The D.C. and Third Circuits, for example, take a limited view, restricting an appeal bond "to only costs listed in [Fed. R. App. P.] 39." *Tennille v. Western Union Co.*, 774 F.3d 1249, 1255 (10th Cir. 2014) (*citing In re Am. Presidential Lines, Inc.*, 779 F.2d 714, 716 (D.C. Cir. 1985)). The Sixth Circuit takes a more expansive view, following the Second and Eleventh Circuits, and has held that the meaning of "costs"

4

under Fed. R. App. P. 7 may also include attorneys' fees, depending on the circumstances of the case. *See In re Cardizem*, 391 F.3d at 816–17. In determining whether to include anticipated attorneys' fees in a Rule 7 bond, district courts within the Sixth Circuit have considered whether the objection and appeal were filed in bad faith. *See In re Polyurethane Foam Antitrust Litig.*, 178 F. Supp. 3d 635, 644–45 (N.D. Ohio 2016); *Linneman v. Vita-Mix Corp.*, No. 1:15-cv-748, 2018 WL 5722722 at *3–4 (S.D. Ohio Nov. 1, 2016).

At least two circuits permit district courts to consider the likelihood that the appellate court will find the appeal is frivolous as a factor when deciding whether to include anticipated attorneys' fees in an appeal bond. *Adsani , supra,* at 79 (2d Cir. 1998) ("A district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal."); *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987) ("[O]n preliminary examinations of the merits of that appeal, we cannot say that the district court abused its discretion in judging it to be frivolous.").

District courts also have inherent authority to include attorney fees in an appeal bond as part of the courts' authority to manage the cases before them. *Pedraza, supra,* at 1335 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47–48 (1991), and *HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 916 (1st Cir. 1988)). "Notably, courts possess these powers 'even if procedural

5

rules exist which [govern] the same conduct.'" *Id.* (quoting *Chambers*, 501 U.S. at 49). At least two district courts within the Sixth Circuit have relied in part on this inherent power when deciding to include attorneys' fees in a Rule 7 bond. *In re Polyurethane, supra*, at 644; *Linneman v. Vita-Mix Corp., supra,* at *4.

## IV. ARGUMENT

### a. A Bond is Appropriate

The appeal here lacks merit given the record of discovery undertaken by Class Counsel and the ample time under the rules given to the Class to object if a legitimate concern existed regarding the requested fees. Further, Objector's Counsel Joseph Marchese has acted in bad faith throughout this process. If the grounds for objection had been legitimate, Mr. Marchese could and should have identified them to Class Counsel at an earlier time, when the filing of the fee petition could have been accelerated to address any possible procedural concerns.

But Mr. Marchese contacted Class Counsel looking for a payment as soon as preliminary approval was granted – even before notice was issued and before the primary grounds for LeTarte's objection existed at all. His supposed objection to the timing of the fee petition was just a post hoc pretext for extortion, as the Court concluded in its opinion. He refused multiple requests from Class Counsel to disclose the basis of his objection and refused to discuss the objection in writing for over a month, only disclosing it four days before the objection deadline, when any

opportunity for Class Counsel to file the fee petition early to address his due process argument had passed. Throughout this period and up to the present, he has been eager to drop his objection to this supposed due process violation in exchange for payment of $30,000. This demand, of course, is not tethered to any relief whatsoever for the Class or any adjustment to the Settlement. Where, as here, an objector has acted in bad faith or a vexations manner, imposing a bond on appeal is appropriate. In this case, the Court has already found the objection to be an "extortion attempt dressed up in procedural nomenclature." Nor should there be any doubt that the Objector, who is represented by a national law firm, could post a bond if required. Finally, given the Objector's failure to appear at the final farness hearing to argue for his objection, it is not unreasonable to be concerned that the objector would not pay assessed costs after an unsuccessful appeal.

### b. The Bond Should Be Set at $45,200

This Court should include anticipated attorneys' fees in an appeal bond because, as explained above, the objection was filed in bad faith and the appeal of this Court's approval order is frivolous. Class Counsel conservatively expects approximately 75 hours of attorney time will be required over the pendency of the appeal in briefing, required mediation, preparation for oral argument, responding to inquiries of class members, and travel time for oral argument. (Myers Decl. ¶4). This Court has already approved an hourly rate of $600 for Class Counsel, so the total fee

7

for the appeal would be $45,000. The costs of printing and mailing appellate briefs and record appendices will be approximately $200, at minimum. (Myers Decl. ¶5). Thus, the Court should set a total bond amount of $45,200.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order requiring Objector William LeTarte to post an Appeal Bond of $45,200.

Dated: December 23, 2019

*/s/ Daniel O. Myers*
Daniel Myers
**THE LAW OFFICES OF DANIEL O. MYERS**
4020 Copper View Ste. 225
Traverse City, MI 49684
Phone: (231) 943-1135
Fax: (231) 368-6265
dmyers@domlawoffice.com

Gary F. Lynch
Jamisen A. Etzel
**CARLSON LYNCH, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15224
Phone: (412) 322-9243
Fax: (412) 231-0246
glynch@carlsonlynch.com
jetzel@carlsonlynch.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on Monday, December 23, 2019, I electronically filed the foregoing document with the Clerk of Court using the Court's ECF filing system, which will send notification to all Counsel of record.

                                              */s/ Daniel O. Myers*
                                              Daniel O. Myers