UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA FRISKE,

       Plaintiff,                                     Case Number 16-12799

v.                                                    Honorable David M. Lawson

BONNIER CORPORATION,

       Defendant.

_____/

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPROVAL OF ADDITIONAL ADMINISTRATIVE EXPENSES

On September 26, 2019, the Court granted final approval of a class settlement in this case over the objection of an absent class member. The Court previously had rejected preliminary approval of an earlier settlement proposal because the amounts proposed to be paid to the absent class members were not fair, adequate, or reasonable. The final approval of the second settlement proposal was based on an estimated payout to class members of between $76 to $79, depending on the number of untimely or imperfect claims accepted. The Court approved an incentive award to the named plaintiff, appointed Angeion Group as the claims administrator of the settlement fund, authorized payment of administrative expenses of up to $100,000 as requested by the parties, approved an attorney's fee to class counsel of $623,500, and ordered that "class counsel and the settlement administrator, Angeion Group, shall remain responsible for completion of the administration of the claims and distribution of the funds, but they may not invade the settlement fund for further reimbursement or payment of fees absent further order of the Court." ECF No. 78, PageID.1009-10.

Now before the Court is the plaintiff's motion to amend the final order approving the class settlement by authorizing the payment of an additional $85,000 to cover administrative expenses.

Plaintiff's counsel and the claims administrator propose to take that money from the settlement fund.  They estimate that the effect of depleting the fund by that amount will reduce the average payout to class members by about $4.71 per claim, reducing the per-claimant recovery to $70 to $74.  The plaintiff has not cited any authority to support its request.

Plaintiff's counsel explains, however, that despite its earlier estimates, the administrator incurred more costs than anticipated because the class size increased from 153,107 members to 164,500, and Angeion Group had to mail a long-form notice to class members via first-class mail (rather than postcard notice), per the Court's order.  Additionally, Angeion Group incurred extra costs due to higher than expected undeliverable mail and claims rates in addition to an objection and appeal that delayed final distribution to class members, resulting in tax liability for the settlement fund.

That explanation is plausible.  The problem is that the Court's ability to modify a final class action settlement approval is limited.  Federal Rule of Civil Procure 23(e) states that if a class settlement proposal "would bind class members, the court may approve it only after a hearing and only on a finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e).  Therefore, as a general rule, "the court cannot modify the bargained-for terms of the settlement agreement" "[b]ecause a district court's authority to administer a class-action settlement derives from Rule 23." *Klier v. Elf Atochem N. Am.*, 658 F.3d 468, 475 (5th Cir. 2011).  "That is, while the settlement agreement must gain the approval of the district judge, once approved its terms must be followed by the court and the parties alike." *Ibid.*  To modify the class settlement agreement as proposed, the Court would need to conduct a fresh fairness hearing, which would in turn require another round of notices and opt-out deadlines.

Some courts have allowed modifications of previously approved class settlement agreements under Rule 23(e) when the settlement will not be "materially alter[ed]." *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 175 n. 10, 182 (3d Cir. 2013); *Keepseagle v. Vilsack*, 102 F. Supp. 3d 306, 313 (D.D.C. 2015); *Art Shy v. Navistar Int'l Corp.*, No. 92-0333, 2021 WL 1399277, at *1 (S.D. Ohio, April 14, 2021). For example, where an amendment would "provide[] many additional benefits," including "a guarantee . . . regarding [defendant's] continued payment obligations," Rule 23(e) would not preclude the modification. *In re Diet Drugs Prods. Liability Litig.*, No. 99–20593, 2010 WL 2735414, at *6 (E.D. Pa. July 2, 2010). Even when no additional benefits are forthcoming, "Rule 23(e) has been found not to apply to an alteration that made only 'minor modifications . . . [, which] did not impair class members' rights even indirectly.'" *Keepseagle*, 102 F. Supp. 3d at 313 (quoting *Jones v. Gusman*, 296 F.R.D. 416, 467 (E.D. La. 2013)). However, the archetypical example of a prohibited modification is a provision "for lesser recovery to certain class members than was available under the original agreement." *Id.* at 314 (citing *In re Diet Drugs Prods. Liability Litig.*, 226 F.R.D. 498, 518 (E.D. Pa. 2005) (finding that amendment to class settlement constituted a material alteration because it "reduces payment amounts to certain eligible class members and extinguishes certain opt-out rights.")).

By that reasoning, plaintiff's counsel's requested modification of the order approving the settlement falls within the prohibited zone. Any invasion of the settlement fund that would reduce the minimum payout to class members below the projected $76 minimum cannot be authorized. To cover the increased administrative costs, however, the Court will entertain a proposal that calls for payment of the increased administrative costs from (a) the settlement fund, but only in an amount that preserves the anticipated payout of at least $76 per class member, (b) the approved

plaintiff's attorney's fee of $623,500, and (c) the marginal increase in payment to the administrator, in equal measures.

In its September 26, 2019 order, the Court directed class counsel to file "a report setting forth the proposed distribution of all funds paid by the defendants as called for in the settlement agreement upon completion of the evaluation of the requests for payment received from class members"; and then after the funds were distributed to "file with the Court a certificate that the settlement fund has been disbursed according to the plan." It appears that the administrator has not distributed any of the settlement fund yet, even though the objector's appeal was dismissed in January of last year. Plaintiff's counsel may present their proposal following these guidelines, or a suitable alternative, within two weeks. But it must proceed promptly to complete the tasks set forth in the order of final approval.

Accordingly, it is **ORDERED** that the plaintiff's motion to modify the order for final approval of the class settlement to authorize additional administrative expenses to be paid from the settlement fund (ECF No. 94) is **DENIED WITHOUT PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date:  June 15, 2021